Dominique Barrett (Bar No. 015856)
Alyssa R. Illsley (Bar No. 032956)
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
2390 East Camelback Road, Suite 440
Phoenix, Arizona 85016
Telephone: (602) 954-5605
Facsimile: (602) 954-5606
dominique.barrett@qpwblaw.com
*Attorneys for Defendant Terry Graham*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Renee Steinaker and David Steinaker, a married couple;<br><br>Plaintiffs,<br><br>v.<br><br>Southwest Airlines, Co., a Texas Corporation; Terry Graham; Ryan Russell; Defendants Xyz, Corporations I-X; Black and White Partnerships I-X and Does I-X under Fictitious Names,<br><br>Defendants. | CASE NO. _____<br><br>**DEFENDANT TERRY GRAHAM'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 (DIVERSITY)**<br><br>(Maricopa County Superior Court Case No. CV2018-013417) |

**TO: CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

PLEASE TAKE NOTICE that Defendant Terry Graham removes the above-entitled action from the Superior Court of the State of Arizona, County of Maricopa, to the United States District Court for the District of Arizona. Defendant Graham makes the removal because this Court has original jurisdiction under 28 U.S.C. § 1332 and the action is removable under 28 U.S.C. §§ 1441(b), 1446, and Local Rule of Civil Procedure 3.6. Defendants Ryan Russell and Southwest Airlines Co. consent to the removal of this action.

In support of this Notice of Removal, Defendant Graham states the following:

1. On October 25, 2018, Plaintiffs Renee Steinaker and David Steinaker ("Plaintiffs") filed a Complaint in the Maricopa County Superior Court, entitled *Renee Steinaker and David Steinaker v. Southwest Airlines Co., Terry Graham; Ryan Russell*, Case No. CV2018-013417 (the "State Court Action"). On June 11, 2019, Plaintiffs filed an Amended Civil Complaint (the "Amended Complaint"). The Amended Complaint alleges two causes of action arising under Arizona state law: (1) intentional or reckless infliction of emotional distress, and (2) negligence.

2. On July 30, 2019, Defendant Graham executed an Acceptance and Waiver of Service, accepting service of the Summons and Amended Complaint.

3. Accordingly, Defendant Graham has filed this Notice of Removal within 30 days after service of the initial pleading setting forth a removable claim and it is timely filed under 28 U.S.C. § 1446(b). Specifically, each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons. 28 U.S.C. § 1446(b)(2)(B).

4. In addition, each of the earlier-served defendants, Defendants Ryan Russell and Southwest Airlines, consent to the removal of this action to federal court. 28 U.S.C. § 1446(b)(2)(C).[1]

5. A true and correct copy of all process, pleadings, and orders in the State Court Action are being filed with this Notice as required by 28 U.S.C. § 1446(a) and are attached as **Exhibit 1**.

6. This Court has original jurisdiction over the action under 28 U.S.C. § 1332 and removal jurisdiction under 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states. All Defendants are now, and were at the time this action commenced, diverse in citizenship from Plaintiffs.

---

[1] On June 11, 2019, Plaintiffs served Defendant Southwest Airlines' statutory agent with the Summons and Amended Complaint. On July 11, 2019, Defendant Southwest Airlines filed its Answer to Plaintiffs' Amended Complaint. On June 25, 2019, Plaintiffs served Defendant Ryan Russell with the Summons and Amended Complaint.

Specifically, Plaintiffs are presently domiciled in Maricopa County, Arizona and were domiciled there at the time this action commenced. *See* Amended Complaint, ¶1. Plaintiffs were at that time, and are now, citizens of the State of Arizona. *Id.* None of the Defendants are, nor were at the time the suit commenced, citizens of the State of Arizona. Defendants Graham, Russell, and Southwest Airlines are presently citizens of the State of Texas and were citizens of the State of Texas at the time this action commenced. Specifically, Defendants Graham and Russell are presently domiciled in Denton County, Texas and were domiciled there at the time this action commenced. *See* Amended Complaint, ¶¶ 3, 5. Defendant Southwest Airlines is a corporation that is incorporated under the laws of the State of Texas and whose principal place of business is in the State of Texas. Therefore, Plaintiffs are diverse in citizenship from Defendants. *See* Amended Complaint, ¶ 2.

7. The Supreme Court has concluded that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014); "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*; *see also Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "In measuring the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Forever Living Products v. Geyman*, 471 F.Supp.2d 980 (D. Ariz. 2006).

8. First, Plaintiffs have certified that the largest award sought by them – excluding interest, attorneys' fees and costs – exceeds the $50,000 threshold for mandatory arbitration in Maricopa County. *See* Amended Certificate of Compulsory Arbitration, **Exhibit 2.** Thus, Plaintiffs seek at least $50,000 in damages, before considering attorneys' fees. *Id.; See* Superior Court Local Rules – Maricopa County, Rule 3.10.

9. Second, Plaintiffs seek the following categories of damages in their Amended Complaint: actual, consequential and incidental damages; pain and suffering damages; special damages including punitive damages; attorneys' fees and costs; post-judgment and pre-judgment interest; and such other and further relief as the Court deems just and proper. *See* Amended Complaint, ¶¶ A-F of prayer for relief. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (considering punitive damages in determination of amount in controversy).

10. Indeed, Plaintiff Renee Steinaker alleges she "became physically ill . . . sought counseling and continues to have physical, emotional and mental injuries as a result of the incident." *Id.* At ¶ 35. Plaintiff Renee Steinaker alleges she was "stalked and monitored . . . in a threatening and bizarre manner." *Id.* at ¶ 39.[2] She alleges that "Defendants inflicted severe emotional distress by extreme and outrageous conduct committed with the intent to cause emotional distress" and that she "has been damaged." *Id.* at ¶ 56. Based on the allegations in Plaintiffs' Complaint, the amount in controversy exceeds $75,000. *See, e.g., Forever Living Products v. Geyman*, 471 F.Supp.2d 980 (D. Ariz. 2006) (finding $75,000 amount in controversy requirement met based on allegations of "public contempt, ridicule, degradation, severe outrages…."); *Does et al. v. Osterblad et al.*, 2016 WL 10011738 (D. Ariz. 2016) (jury verdict of $325,000 for intentional infliction of emotional distress and false light invasion of privacy). Accordingly, the amount in controversy in this case meets the jurisdictional requirement.

11. Under 28 U.S.C. § 1441(b), venue of the removed action is proper in this Court as the district and division embracing the place where the State Action is pending.

---

[2] In *Exxon Mobil Corp. v. Allapattah Svcs, Inc.*, 545 U.S. 546, 549 (2005), the Supreme Court held that "where the other elements of jurisdiction are present, and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.] § 1367 does authorize supplemental jurisdiction over the claims of the other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction." Thus, this Court can exercise jurisdiction over the other plaintiffs' claims where at least one plaintiff has claims that exceed $75,000. *See, e.g, McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009).

12. Defendant has complied with the notice required under 28 U.S.C. § 1446(d), having served Plaintiffs with a copy of the Notice to Adverse Parties of Removal of Civil Action to Federal Court (a copy of which is attached as **Exhibit 3**), and filed the Notice to State Court of Removal of Civil Action in the Superior Court of Maricopa, County, Arizona, (a copy of which is attached as **Exhibit 4**).

**RESPECTFULLY SUBMITTED** this 23rd day of August, 2019.

                                            QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

                                            By: s/ Dominique Barrett
                                                   Dominique Barrett
                                                   Alyssa R. Illsley
                                                   *Attorneys for Defendant Terry Graham*

**Consent of Defendant Southwest Airlines Co.:**

s/ R. Shawn Oller
R. Shawn Oller
Peter C. Prynkiewicz
**LITTLER MENDELSON, P.C.**
*Attorneys for Defendant*
*Southwest Airlines Co.*

**Consent of Defendant Ryan Russell:**

s/ Dominique Barrett
Dominique Barrett
Alyssa R. Illsley
**QUINTAIROS PRIETO WOOD**
**& BOYER, P.A.**
*Attorneys for Defendant Ryan Russell*

## **VERIFICATION OF DOMINIQUE BARRETT**

I, Dominique Barrett, verify as follows:

1. I am an active member in good standing of the State Bar of Arizona and a partner with the law firm of Quintairos, Prieto, Wood & Boyer, P.A., counsel of record for Terry Graham. I have firsthand knowledge of the matters set forth herein. I submit this verification pursuant to Local Rule Civ. 3.6 and pursuant to Federal Rule of Civil Procedure 11.

2. A true and correct copy of all process, pleadings, and orders in the State Court Action are being filed with this Notice as required by 28 U.S.C. § 1446(a) and are attached as **Exhibit 1**.

I verify under oath that the foregoing is true and correct.

Executed this 23rd day of August, 2019.

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

By _____
Dominique Barrett
Alyssa R. Illsley
*Attorneys for Defendant Terry Graham*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of August, 2019, I electronically transmitted the foregoing with the Clerk of the Court using the CM/ECF system for filing, and copies were mailed to all counsel of record at the following addresses:

Larry Cohen
Jeff Bouma
**CRONUS LAW, PLLC**
2601 E. Thomas Rd., Suite 235
Phoenix, AZ 85016
jeff@cronuslaw.com


By:  s/ Nelly Preca