EXHIBIT 1

Skip To MainContent

| Search |

Civil Court Case Information - Case History

## Case Information

| Case Number: | CV2018-013417 | Judge: | Mahoney, Margaret |
| File Date: | 10/25/2018 | Location: | Downtown |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Renee Steinaker | Plaintiff | Female | Erin Hertzog |
| David Steinaker | Plaintiff | Male | Erin Hertzog |
| Southwest Airlines Co | Defendant | | Peter Prynkiewicz |
| Terry Graham | Defendant | Male | Pro Per |
| Ryan Russell | Defendant | Male | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 7/17/2019 | SFC - Stipulation For Continuance | 7/19/2019 | |
| NOTE: Stipulation to Continue on Inactive Calendar | | | |
| 7/11/2019 | ANS - Answer | 7/15/2019 | |
| NOTE: Defendant Southwest's Answer to Amended Civil Complaint/EFILE BILLING $245 | | | |
| 7/1/2019 | AFS - Affidavit Of Service | 7/8/2019 | |
| NOTE: RYAN RUSSELL | | | |
| 6/27/2019 | OXS - Order To Extend Time For Service | 6/27/2019 | |
| NOTE: SECOND | | | |
| 6/11/2019 | AMC - Amended Complaint | 6/12/2019 | |
| NOTE: Amended Civil Complaint | | | |
| 6/11/2019 | CCA - Cert Compulsory Arbitration | 6/12/2019 | |
| NOTE: Amended Certificate of Compulsory Arbitration | | | |
| 6/11/2019 | NJT - Not Demand For Jury Trials | 6/12/2019 | |
| NOTE: PLAINTIFFS' AMENDED DEMAND FOR JURY TRIAL | | | |
| 6/11/2019 | NOF - Notice Of Filing | 6/13/2019 | |
| NOTE: PLAINTIFFS' NOTICE OF FILING OF SUPPLEMENTAL EXHIBIT | | | |
| 6/11/2019 | SUM - Summons | 6/13/2019 | |
| NOTE: AMENDED / FOR SOUTHWEST AIRLINES CO | | | |
| 6/11/2019 | AFS - Affidavit Of Service | 6/17/2019 | |
| NOTE: SOUTHWEST AIRLINES CO | | | |
| 6/10/2019 | MXS - Motion To Extend Time For Service | 6/12/2019 | |
| NOTE: Plaintiffs' Motion to Extend Time for Service | | | |
| 6/7/2019 | NAR - Notice Of Appearance | 6/10/2019 | |
| NOTE: Notice of Appearance and Association of Counsel | | | |
| 6/4/2019 | NOT - Notice | 6/6/2019 | |
| NOTE: Notice of Change of Law Firm | | | |
| 5/29/2019 | NPD - Notice Case on Dismissal Calendar | 5/29/2019 | |
| 4/11/2019 | RNM - Returned Mail | 4/11/2019 | |
| NOTE: Returned Mail Minute Entry | | | |
| 3/13/2019 | OXS - Order To Extend Time For Service | 3/13/2019 | |
| NOTE: OF PROCESS OF PLAINTIFFS COMPLAINT | | | |
| 2/12/2019 | RNM - Returned Mail | 2/12/2019 | |
| NOTE: Returned Mail Minute Entry | | | |
| 1/23/2019 | MXS - Motion To Extend Time For Service | 1/24/2019 | |
| NOTE: MOTION TO EXTEND TIME FOR SERVICE | | | |
| 1/2/2019 | 322 - ME: Notice Of Intent To Dismiss | 1/2/2019 | |
| 10/25/2018 | COM - Complaint | 10/29/2018 | |
| 10/25/2018 | CCN - Cert Arbitration - Not Subject | 10/29/2018 | |
| 10/25/2018 | CSH - Coversheet | 10/29/2018 | |

## Case Calendar

There are no calendar events on file

## Judgments

There are no judgments on file

**In the Superior Court of the State of Arizona**
ip and for the County of Maricopa

**CV2018-013417**

C

Is Interpreter Needed? ☐ CHRIS DE ROSE, CLERK
If yes, what language: RECEIVED CCB #1
DOCUMENT DEPOSITORY

18  OCT 25  PM 5: 07

FILED BY: _M Patten_

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney  Erin Hertzog

Attorney Bar Number  030770

Plaintiff's Name(s): (List all)      Plaintiff's Address:      Phone #:      Email Address:
Renee Steinaker and David Steinaker, a married couple

4967 East Aire Libre Avenue, Scottsdale, AZ 85254

602-872-1585, iflybynight@cox.net

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
SOUTHWEST AIRLINES CO., a Texas Corporation; TERRY GRAHAM; RYAN RUSSELL

(List additional Defendants on page two and/or attach a separate sheet)

## NATURE OF ACTION

(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

### 100 TORT MOTOR VEHICLE:

☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

### 110 TORT NON-MOTOR VEHICLE:

☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

### 120 MEDICAL MALPRACTICE:

☐ 121 Physician M.D.   ☐ 123 Hospital
☐ 122 Physician D.O    ☐ 124 Other

### 130 CONTRACTS:

☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
      ☐ 136 Six to Nineteen Structures
      ☐ 137 Twenty or More Structures

### 150-199 OTHER CIVIL CASE TYPES:

☐ 156 Eminent Domain/Condemnation
☐ 151 Eviction Actions (Forcible and Special Detainers)
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment
☐ 158 Quiet Title
☐ 160 Forfeiture
☐ 175 Election Challenge
☐ 179 NCC-Employer Sanction Action
    (A.R.S. §23-212)

☐180 Injunction against Workplace Harassment
☐181 Injunction against Harassment
☐182 Civil Penalty
☐186 Water Rights (Not General Stream Adjudication)
☐187 Real Property
☐ Special Action against Lower Courts
　　(See Lower Court Appeal cover sheet in Maricopa)
☐194 Immigration Enforcement Challenge
　　(A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review
　　(See Lower Court Appeal cover sheet in Maricopa)
☐150 Tax Appeal
　　(All other tax matters must be filed in the AZ Tax
　　Court)
☐155 Declaratory Judgment
☐157 Habeas Corpus
☐184 Landlord Tenant Dispute- Other
☐190 Declaration of Factual Innocence
　　(A.R.S. §12-771)

☐191 Declaration of Factual Improper Party Status
☐193 Vulnerable Adult (A.R.S. §46-451)
☐165 Tribal Judgment
☐167 Structured Settlement (A.R.S. §12-2901)
☐169 Attorney Conservatorships (State Bar)
☐170 Unauthorized Practice of Law (State Bar)
☐171 Out-of-State Deposition for Foreign Jurisdiction
☐172 Secure Attendance of Prisoner
☐173 Assurance of Discontinuance
☐174 In-State Deposition for Foreign Jurisdiction
☐176 Eminent Domain– Light Rail Only
☐177 Interpleader– Automobile Only
☐178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐183 Employment Dispute- Discrimination
☒185 Employment Dispute-Other
☐196 Verified Rule 45.2 Petition
☐195(a) Amendment of Marriage License
☐195(b) Amendment of Birth Certificate
☐163 Other _____
　　　　　　　　　(Specify)

## RULE 26.2 DISCOVERY TIER or AMOUNT PLEADED:

(State the amount in controversy pleaded or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.)

☐ Amount Pleaded $ _____　　　　☐ Tier 1　　　☐ Tier 2　　　☒ Tier 3

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order　　　☐ Provisional Remedy　　☐ OSC　　☐ Election Challenge
☐ Employer Sanction　　　　　　　　☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the commercial Court. More information on the commercial Court, including the most recent forms, are available on the Court's website at https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

CHRIS DEROSE, CLERK
RECEIVED CCB #1
DOCUMENT DEPOSITORY

18 OCT 25 PM 5: 07

FILED BY _____

PAID
$335.00
RC# 26871535

1  Erin A. Hertzog, SBN 030770

2  **TB** **TIFFANY & BOSCO**
   P.A.

3  SEVENTH FLOOR CAMELBACK ESPLANADE II

4  2525 EAST CAMELBACK ROAD
   PHOENIX, ARIZONA 85016-4237

5  TELEPHONE: (602) 255-6000

6  FACSIMILE:  (602) 255-0103
   Email: EAH@tblaw.com

7  *Attorneys for Plaintiff*

8              **SUPERIOR COURT OF THE STATE OF ARIZONA**

9                        **COUNTY OF MARICOPA**

10

11                                    CV 2018-013417

12  **RENEE STEINAKER AND DAVID**        Case No. _____
    **STEINAKER, a married couple,**

13

14            **Plaintiff,**                    **CIVIL COMPLAINT**

15      **v.**

16  **SOUTHWEST AIRLINES CO., a Texas**
17  **Corporation; TERRY GRAHAM; RYAN**
    **RUSSELL; DEFENDANTS XYZ,**
18  **CORPORATIONS I-X, BLACK AND**
    **WHITE PARTNERSHIPS I-X AND DOES**
19  **I-X UNDER FICTITIOUS NAMES.**

20

21            **Defendants.**

22
         Plaintiffs Renee Steinaker and David Steinaker ("Plaintiffs") for their cause of action
23
    against Defendants Southwest Airlines Co., Terry Graham, and Ryan Russell (collectively
24
25  "Defendants"), alleges:

26                     **GENERAL ALLEGATIONS**
27                      **(Parties and Jurisdiction)**

28      1.      Plaintiffs are residents of Maricopa County, State of Arizona and have suffered

harms as a result the actions taken by one or more of the Defendants in this County and State. Both Plaintiffs are flight attendants for Southwest Airlines.

2.      Defendant Southwest Airlines Co., ("Southwest Airlines") is a Texas corporation registered to do business in Arizona, File number F00279280, with its principle place of business 8825 N. 23rd Avenue, Suite 100, Phoenix, AZ 85021.

3.      Defendant Terry Gene Graham, resides in Lantana, Denton County, Texas. At all times relevant hereto, Graham was a licensed pilot for Southwest Airlines.

4.      Upon information and belief, at the time that he was transmitting images of passengers and crew utilizing the lavatory, Graham was armed with a firearm pursuant to his position as a Federal Flight Deck Officer.

5.      Defendant Ryan Russell resides in Flower Mound, Denton County, Texas. Russell is a duly licensed pilot. At all times relevant hereto, he was an employee of Southwest Airlines.

6.      Plaintiffs have sued Defendants XYZ, Corporations I-X, Black and White Partnerships I-X and Does I-X under fictitious names. Plaintiffs are informed and believe that said Defendants are in some way responsible for the acts complained of herein. When their true identities have been ascertained, Plaintiffs will seek leave of Court to amend the Complaint.

7.      Defendants have committed actions and caused events to occur in the County of Maricopa, State of Arizona, which are the foundation of this action and out of which this action arises. Accordingly, both jurisdiction and venue are proper.

2

**Jury Demand**

8.      Pursuant to Rule 38 of the Arizona Rules of Civil Procedure, Plaintiffs demand a jury trial.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

9.      On February 27, 2017, Southwest Airlines Flight 1088 departed Pittsburgh, Pennsylvania at approximately 12:55 p.m. on a non-stop flight to Phoenix, Arizona.

10.      The aircraft was N8658A, a Boeing 737-800 commercial airliner. The aircraft had both forward and aft lavatories for use by the passengers and crew.

11.      Graham and Russell, captain and first officer respectively, were commanding Flight 1088. Both remained in the cockpit after takeoff for about two and a half hours.

12.      The remaining crew members included four flight attendants. Each had a designated "position" which determined the specific responsibilities of each. These duties were in addition to the absolute obligation of all of them to provide passenger safety.

13.      On the flight, Susan Martinez (hereinafter "Martinez") was in position A. Lawrence Frank Jackson ("Jackson") was in B, Sandie Pietz ("Pietz") was the C position and Plaintiff Renee Steinaker was in the D position.

14.      About two and one-half hours into Flight 1088, Captain Graham requested that a flight attendant come forward so that he could use the lavatory. This was consistent with Southwest Airlines policy requiring that two persons be in the cockpit at all times.

15.      Plaintiff Renee Steinaker responded to the direction of the Captain and reported to the front of the aircraft and entered the cockpit after he exited.

3

16.     When Plaintiff Renee Steinaker entered the cockpit she saw an iPad mounted to the windshield left of the Captain's seat. She saw live streaming on the video. She identified the person on the iPad image to be Graham in the lavatory.

17.     The co-pilot (first officer) Russell was able to see the video from his position in the cockpit.

18.     Plaintiff Renee Steinaker immediately asked Russell whether the iPad was "live streaming" from a camera in the forward lavatory. Russell admitted that it was live streaming. Russell advised Plaintiff Renee Steinaker that there was a camera in the lavatory and that it was hidden so that no one would ever find it. Russell directed Plaintiff Renee Steinaker not to tell anyone about the camera or the recordings because they were on the "downlow."

19.     Plaintiff Renee Steinaker took a photograph of the iPad which, at the time, had the image of Graham in the lavatory, on her cellular telephone. She advised Russell that she was taking the photograph to document her observations.

20.     Russell advised Plaintiff Renee Steinaker that the cameras were "new" and that they were on all of Southwest Airlines' 737-800s and that they were in all lavatories aboard that flight.

21.     Plaintiff Renee Steinaker observed large icons on the iPad beneath the streaming video that she believed were indicative of video recordings.

22.     When Graham returned from the lavatory he attempted to hide the iPad from plaintiff. He refused to respond to any questions concerning the recordings.

23.     Immediately after Graham returned from the lavatory Russell left the cockpit

4

and went to the same lavatory. As required by Southwest Airlines policy, Plaintiff Renee Steinaker remained in the cockpit until he returned. Graham blocked Plaintiff Renee Steinaker's observation of the iPad while Russell was gone, by placing his arm and body to obstruct her view.

24.     Plaintiff Renee Steinaker shared her observations and the photographs that she had taken of the iPad with her fellow flight attendants.

25.     Upon arrival in Phoenix, both Graham and Russell immediately disembarked leaving the aircraft unattended by piloting staff. This was both unusual and a violation of protocol as understood by Plaintiff Renee Steinaker.

26.     By leaving the aircraft, Graham left a loaded firearm unattended in the cockpit, a violation of FAA regulations.

27.     Plaintiff Renee Steinaker and other crew members reported the incident, providing the photograph of the iPad to Southwest Airlines personnel. Reports were made and written and Southwest Airlines represented to Plaintiff Renee Steinaker and the others that it would investigate the incident.

28.     Plaintiff Renee Steinaker became physically ill at the recognition that Graham and Russell had watched and possibly recorded her disrobing and using the toilet. She was unable to work for several days, sought counseling and continues to have physical, emotional and mental injuries as a result of the incident.

29.     Upon information and belief, there have been no sanctions taken against Graham or Russell who continue to pilot aircraft for Southwest Airlines.

5

30.     At any time, Renee Steinaker may find herself required to serve aboard an aircraft piloted by either Graham, Russell, or both of them.

31.     Plaintiff Renee Steinaker and other flight attendants were directed by Southwest Airlines to keep what they observed to themselves. Plaintiff Renee Steinaker was directed by a supervisor that she was not to talk to anybody about what happened. She was warned that "if this got out, if this went public, no one, I mean no one, would ever fly our airline again."

32.     Plaintiff Renee Steinaker expressed concern to Southwest Airlines after flight 1088 landed because Graham and Russell were scheduled to fly N8658A to Nashville, Tennessee after a short layover in Phoenix. She asked Southwest Airlines to obtain the cockpit voice recorders to document her conversations and also the feed from the iPad and camera. She expressed her concern for the passengers including children who had utilized the lavatory.

33.     The plane was allowed to leave Phoenix piloted by Graham and Russell with a new staff of flight attendants.

34.     At all times pertinent to the allegations of this Complaint, Graham and Russell were acting in furtherance of the business of Southwest Airlines, in the course and scope of their employment.

35.     Southwest Airlines is liable for the actions of Graham and Russell based upon the Arizona doctrine of Respondent Superior.

36.     Despite plaintiff's observations, the statements made by Russell, the availability of recordings from the cockpit voice recorder, video at airports and seemingly evasive actions taken by Graham concerning his iPad, both Graham and Russell continue to fly for Southwest

6

1  Airlines.

2  **First Cause of Action**
3  **(Invasion of Privacy)**
4  **(Against All Defendants)**

5       37.    Plaintiffs incorporate by reference all of the previous allegations in this

6  Complaint as if fully set forth herein.

7       38.    Plaintiff Renee Steinaker had a reasonable expectation of privacy when using
8
9  the forward lavatory.

10       39.    Graham and Russell intentionally invaded the privacy of Plaintiff Renee

11  Steinaker on Southwest Airlines flight 1088 by installing, viewing, watching, recording
12
13  and/or playing recordings of plaintiff while she was using the forward lavatory's toilet. See

14  A.R.S. §§ 13-1424 and 13-3019.

15       40.    Russell, an employee and agent of Southwest Airlines, advised Plaintiff Renee
16
17  Steinaker that cameras were installed in all of Southwest Airlines' aircraft known as 737-800s

18  and were placed in all of the lavatories. Plaintiff Renee Steinaker did not believe Russell's

19  exaggerated assertion, but Southwest Airlines' failure to discipline Graham or Russell and the
20
21  secrecy created by Southwest Airlines surrounding the voyeuristic recording(s) caused her to

22  reasonably fear that Southwest Airlines knew of the installation of cameras and recording

23  devices, and that she might have been the victim of video voyeurism in the past while working
24
25  for Southwest Airlines.

26       41.    Southwest Airlines has permitted pilots Graham and Russell to continue to fly,
27
    without any discipline for the invasion of privacy, thereby ratifying and condoning it.

28  7

42.     As a result of the invasion of her privacy, Plaintiff Renee Steinaker has been damaged.

43.     Plaintiff Renee Steinaker has been trained that her primary responsibility as a flight attendant is to provide passenger safety and security. Plaintiff Renee Steinaker has been damaged thereby, physically, mentally and in her professional abilities. Plaintiff Renee Steinaker's efforts to stop SWA's invasion of her, other flight crew and passenger invasion of privacy has further caused serious emotional distress to her, and to her husband, Plaintiff David Steinaker, and the other crew members.

**Second Cause of Action**
**(Intentional or Reckless Infliction of Emotional Distress)**
**(Against All Defendants)**

44.     Plaintiffs incorporate by reference all of the previous allegations in this Complaint as if fully set forth herein.

45.     Graham and Russell intentionally (or recklessly) inflected emotional distress upon Plaintiff by recording her while she disrobed and used the toilet facilities in the forward lavatory.

46.     Graham and Russell further intentionally or recklessly inflicted emotional distress on Plaintiff Renee Steinaker by directing her to the cockpit, knowing that there was a visible iPad that would record Graham while in the lavatory.

47.     The conduct of Graham and Russell was so extreme and outrageous that it exceeded all bounds usually tolerated by decent society and caused serious mental distress to plaintiff.

8

48.     Graham and Russell continued to inflict emotional injury and distress on Plaintiff Renee Steinaker by denying that they had recorded individuals in the forward lavatory, by claiming that the event was a "joke," and through other lies and deceptions intended to damage plaintiff's reputation with her employer Southwest Airlines, her colleagues at Southwest Airlines and her passengers.

49.     Graham and Russell published falsehoods about Plaintiff Renee Steinaker knowingly or recklessly disregarding the falsity of those statements.

50.     To the extent that the misrepresentations by Graham and Russell were knowingly defamatory and slanderous, as discovery continues, those causes of action may be added.

51.     Southwest Airlines, by permitting Graham and Russell to continue flying passengers and crew members without supervision or punishment, knowing that Plaintiff Renee Steinaker could be a flight attendant on their aircraft, and by directing Plaintiff Renee Steinaker not to discuss the incident with "anyone," and by failing to inspect the aircraft in which plaintiff flies to ensure that cameras are not installed in lavatories, inflicted and continues to inflict serious physical injury and emotional distress upon her.

52.     Defendants Graham, Russell and Southwest Airlines caused severe emotional distress by extreme and outrageous conduct committed with the intent to cause emotional distress or with reckless disregard of the likelihood that such distress would result.

53.     As a result, Plaintiff Renee Steinaker has been damaged.

9

**Third Cause of Action**
**(Sexual Harassment)**
**(Against All Defendants)**

54.    Plaintiffs incorporate by reference all of the previous allegations in this Complaint as if fully set forth herein.

55.    Southwest Airlines placed Graham and Russell in positions commanding aircraft, flight crew and passengers, knowing of Graham and Russell's aberrant propensities.

56.    While in flight, plaintiff was a subordinate of Graham and Russell over whom they had the right to discipline, control and instruct.

57.    As a result of Southwest Airlines' hiring, retention, and failure to properly train Graham and Russell and its failure to discipline them after having proof of their aberrant propensities and actions, plaintiff was emotionally, physically and mentally injured.

58.    As a result, Plaintiff Renee Steinaker has been damaged.

**Fourth Cause of Action**
**(Violation of 29 U.S.C. § 157 – Retaliation)**
**(Against Defendant Southwest Airlines)**

59.    Plaintiff incorporates by reference all of the previous allegations in this Complaint as if fully set forth herein.

60.    In the time since the incident, Southwest Airlines has engaged in a pattern of retaliation and monitoring efforts to silence and intimidate all four (4) flight attendants on flight 1088, as well as Plaintiff Renee Steinaker's husband, Plaintiff David Steinaker.

61.    Upon information and belief, all of the flight attendants on flight 1088, have been repeatedly stalked and monitored by Southwest Airlines managers in a similar

10

1   threatening and bizarre manner.

2   62.     Plaintiff Renee Steinaker has been routinely given performance audits in which
3
4   a manager gate checks her and observes her in person during the entire flight.

5   63.     Plaintiff David Steinaker was subjected to at least five (5) audits in the course
6
7   of a few months following the incident, when in his prior twenty-four (24) of service, he only
8   had approximately three (3) audits.

9   64.     The audits were falsely labeled "team building" efforts as a way to circumvent
10  the company's requirement in the collective bargaining agreement that management
11
12  document each performance audit in writing for the flight attendant's personnel file.

13  65.     The flight attendants on flight 1088 were subjected to unjustified "random" drug
14  and alcohol testing and, upon information and belief, one flight attendant was forced to
15
16  undergo multiple drug tests in a very short period of time.

17  66.     The flight attendants on flight 1088, were repeatedly instructed not to disclose
18  the incident to anyone including family, coworkers, the labor union, internal personnel and/or
19
20  law enforcement.

21  67.     As a result, Plaintiffs have been damaged.

22          WHEREFORE, Plaintiffs request judgment in their favor and against
23
24  Defendants as follows:

25          A.      For an award of Plaintiff's actual, consequential and incidental damages
26  in an amount to be determined at trial;

27
28          B.      For an award of Plaintiff's pain and suffering damages caused by

11

1   Defendants' wrongful acts;

2        C.      For special damages including Punitive damages in an amount to be
3
4   proven at trial;

5        F.      For an award of Plaintiff's attorneys' fees and costs incurred in this
6
7   matter and any other applicable law or contract provision and any other applicable statute,
8   rule or regulation;

9        E.      For an award of post-judgment and pre-judgment interest on each
10
11  element of damage, cost or attorneys' fees at the highest legal rate from the date of such
12  damage, cost or attorneys' fees was incurred until paid; and

13       F.      For such other and further relief as the Court deems just and proper.

14       RESPECTFULLY SUBMITTED this 25 day of October, 2018.

15

16

17       **TB** **TIFFANY & BOSCO**
                   P.A.
18
19  By:
         Erin A. Hertzog
20       Seventh Floor Camelback Esplanade II
21       2525 East Camelback Road
         Phoenix, Arizona 85016-4237
22       *Attorneys for Plaintiff*

23

24

25

26

27

28
                           12

| Office Distribution | SUPERIOR COURT OF ARIZONA | **FILED** |
|---|---|---|
| | MARICOPA COUNTY | 01/02/2019 |
| | | by Superior Court Admin on behalf of Clerk of the Superior Court |

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

Ct. Admin
Deputy

12/29/2018

COURT ADMINISTRATION

**Case Number:** CV2018-013417

**Renee Steinaker**

**V.**

**Southwest Airlines Co**

The Judge assigned to this action is the Honorable Margaret Mahoney

## NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 10/25/2018 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 01/23/2019. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

Superior Court of Maricopa County - integrated Court Information System
## Endorsee Party Listing
Case Number: CV2018-013417

| Party Name | Attorney Name | |
|---|---|---|
| David Steinaker | Erin A Hertzog | Bar ID: 030770 |
| Renee Steinaker | Pro Per | |

Clerk of the Superior Court
*** Electronically Filed ***
K. Dyer, Deputy
1/23/2019 4:22:00 PM
Filing ID 10089706

1  Erin A. Hertzog, SBN 030770

2  **TB** **TIFFANY & BOSCO**
   P.A.

3  SEVENTH FLOOR CAMELBACK ESPLANADE II

4  2525 EAST CAMELBACK ROAD
   PHOENIX, ARIZONA 85016-4237

5  TELEPHONE: (602) 255-6000

6  FACSIMILE:  (602) 255-0103
   Email: EAH@tblaw.com

7  *Attorneys for Plaintiffs*

8                **SUPERIOR COURT OF THE STATE OF ARIZONA**

9
                 **IN AND FOR THE COUNTY OF MARICOPA**
10

11

12  **RENEE STEINAKER AND DAVID**          Case No. CV2018-013417
    **STEINAKER, a married couple,**
13
                                           **MOTION TO EXTEND TIME FOR**
14            **Plaintiff,**               **SERVICE**

15        **v.**

16                                         *(Assigned to the Honorable Margaret*
    **SOUTHWEST AIRLINES CO., a Texas**    *Mahoney)*
17  **Corporation; TERRY GRAHAM; RYAN**
    **RUSSELL; DEFENDANTS XYZ,**
18  **CORPORATIONS I-X, BLACK AND**
    **WHITE PARTNERSHIPS I-X AND DOES**
19  **I-X UNDER FICTITIOUS NAMES.**

20
              **Defendants.**
21

22         Pursuant to Ariz. R. Civ. P. 6(b), Plaintiff respectfully moves for a limited extension

23  of time to complete service of process of the Summons and Complaint filed with this Court

24  on October 25, 2018.

25         The Arizona Rules of Civil Procedure allows the Court to grant an extension of service

26  for good cause when "request is made, before the original time or its extension expires." Ariz.

27  R. Civ. P. 6(b). A reason of good cause sufficient for an extension of time is when the failure

28

1   to act was the result of excusable neglect that a reasonably prudent person under the same

2   circumstances would have commit. *Coconino Pulp & Paper Co. v. Marvin*, 83 Ariz. 117

3   (1957).

4          Plaintiffs' Complaint alleges claims for unlawful discrimination and retaliation under

5   Title VII of the Civil Rights Act.   Plaintiffs properly and timely filed a Charge of

6   Discrimination with the EEOC as required to exhaust administrative remedies.  The Charge

7   is still pending before the Agency for investigation and no Notice of Right to Sue has been

8   issued at this time.  At the time Plaintiffs filed the original Complaint, Plaintiffs understood

9   that the EEOC investigation was still ongoing and another similarly-situated employee had

10  filed a similar Charge of Discrimination.  Plaintiffs also were informed by their investigator

11  that early voluntary mediation may be an option between the parties.  Accordingly, Plaintiffs

12  held off on making an immediate request of the Right to Sue Notice on the Charge in order to

13  ascertain whether it was in their best interest to allow the EEOC to continue with the Charge

14  rather than begin litigation of these claims in this action.

15

16         Unfortunately, in late December 2018 when Plaintiffs would have initiated the request

17  of the Right to Sue Notice in the absence of any meaningful changes at the administrative

18  level, the Federal Government Shutdown occurred and the EEOC closed indefinitely.

19  Plaintiffs have requested the Right to Sue Notice during this time in hopes that the EEOC

20  would reopen before the deadline for service, but unfortunately nothing has changed and until

21  the EEOC is reopened, there are no staff members to accept and process the request.

22         Plaintiffs' believe it would be in all parties' best interest to extend the deadline for

23  service of process in order for the full allegations to be included in Complaint as opposed to

24  serving an Amended version without these claims and pursuing litigation only to amend at a

25  later date and add the claims back in.  This is to save all parties costs and time.  Therefore,

26  Plaintiffs respectfully request that the deadline to serve their Complaint be extended for

27  another ninety (90) days.  Plaintiffs have no intention of delaying service of process, however,

28

1    once the shutdown ceases and the EEOC re-opens.  Therefore, Plaintiffs do not intend to take

2    the full ninety (90) days if a Right to Sue Notice is received earlier.  A proposed order has

3    been filed contemporaneously herewith.

4            RESPECTFULLY SUBMITTED this 23rd day of January 2019.

5

6                                    **TB** TIFFANY & BOSCO
                                          P.A.

7

8                                    By: /s/ *Erin A. Hertzog*
                                         Erin A. Hertzog
9                                        Seventh Floor Camelback Esplanade II
10                                       2525 East Camelback Road
                                         Phoenix, Arizona 85016-4237
11                                       ***Attorneys for Plaintiffs***

12

13   ORIGINAL of the foregoing filed via
     AZTurbo Court this 23rd day of January 2019.
14

15

16
     *By:*     */s/Kelley Irish*
17

18

19

20

21

22

23

24

25

26

27

28

                                          3

Clerk of the Superior Court
*** Electronically Filed ***
COC Auto-Accept
2/12/2019 3:11:35 PM
Filing ID 10154070

File Stamp

# CLERK OF THE COURT
## SUPERIOR COURT OF ARIZONA
### Returned Mail

**ICIS Docket Number:**

**4**

**Document Title:**

**ME: Notice Of Intent To Dismiss**

**File Date:**

**1/2/2019**

**Hearing Date** *if applicable***:**

**Case Number:**

**CV2018013417**

**Returned Mail Received For:**

**Renee  Steinaker**

**At the following Address:**
**4967 E AIRE LIBRE AVE,**
**Scottsdale, Arizona 85254**

**Prepared by: fhorst**

**Re-Mail date** *if applicable***: 1/10/2019**

**Re-Mail Address** *if applicable***:**
**6975 E PRINCESS DR APT 1028**
**PHOENIX AZ 85054**

Granted with Modifications
***See eSignature page***
Case 2:19-cv-05682-SPL   Document 1-3   Filed 08/23/19   Page 23 of 84

Clerk of the Superior Court
*** Electronically Filed ***
C. Mai, Deputy
3/13/2019 8:00:00 AM
Filing ID 10241528

1

2

3

4

5

6                **SUPERIOR COURT OF THE STATE OF ARIZONA**

7                 **IN AND FOR THE COUNTY OF MARICOPA**

8

| | |
|---|---|
| **RENEE STEINAKER AND DAVID STEINAKER, a married couple,** | Case No. CV2018-013417 |
| **Plaintiff,** | **ORDER EXTENDING TIME FOR SERVICE OF PROCESS OF PLAINTIFFS' COMPLAINT** |
| **v.** | |
| **SOUTHWEST AIRLINES CO., a Texas Corporation; TERRY GRAHAM; RYAN RUSSELL; DEFENDANTS XYZ, CORPORATIONS I-X, BLACK AND WHITE PARTNERSHIPS I-X AND DOES I-X UNDER FICTITIOUS NAMES.** | |
| **Defendants.** | |

9

10

11

12

13

14

15

16

17

18

19          The Court having considered Plaintiff's Motion to Extend Time for Service, and

20    good cause appearing,

21

22          **IT IS ORDERED** granting the Motion and extending the deadline for service of

23    process until 90 days from this date.

24

25          DATED this ____ day of <u>March</u>,  2019.

26

27                                          _____

28                                          Honorable Margaret R. Mahoney
                                            Maricopa County Superior Court Judge

# eSignature Page 1 of 1

Filing ID: 10241528   Case Number: CV2018-013417
Original Filing ID: 10089706

_____

**Granted with Modifications**



/S/ Margaret Mahoney Date: 3/12/2019
_____
Judicial Officer of Superior Court

## ENDORSEMENT PAGE

CASE NUMBER: CV2018-013417                    SIGNATURE DATE: 3/12/2019

E-FILING ID #: 10241528                          FILED DATE: 3/13/2019 8:00:00 AM


ERIN A HERTZOG



RENEE STEINAKER
4967 E AIRE LIBRE AVE SCOTTSDALE AZ 85254



RYAN RUSSELL
NO ADDRESS ON RECORD



SOUTHWEST AIRLINES CO
8825 N 23RD AVE STE 100 PHOENIX AZ 85021



TERRY GRAHAM
NO ADDRESS ON RECORD

Clerk of the Superior Court
*** Electronically Filed ***
COC Auto-Accept
4/11/2019 10:55:50 AM
Filing ID 10345603

File Stamp

# CLERK OF THE COURT
## SUPERIOR COURT OF ARIZONA
### Returned Mail

**ICIS Docket Number:**

**7**

**Document Title:**

 **OXS - Order To Extend Time For Service**

**File Date:**

**3/13/2019**

**Hearing Date** *if applicable***:**

**Case Number:**

**CV 2018-013417**

**Returned Mail Received For:**

**RENEE STEINAKER**

**At the following Address:**
**4967 E AIRE LIBRE AVE**
**SCOTTSDALE AZ 85254**

**Prepared by: Ballachandas**

**Re-Mail date** *if applicable***: 3/29/2019**

**Re-Mail Address** *if applicable***:**
**6975 E PRINCESS DR APT 1028**
**PHOENIX AZ 85054**

Clerk of the Superior Court
*** Electronically Filed ***
M. Cain, Deputy
6/4/2019 4:08:00 PM
Filing ID 10524266

**CRONUS LAW, PLLC**

1

2   Erin A. Hertzog, AZ Bar No. 030770
2601 E Thomas Rd., Ste. 235
3   Phoenix, AZ 85016
Phone: (480) 467-3188
4   Fax:    (480) 718-8575
5   eah@cronuslaw.com
6   *Attorneys for Plaintiffs*

7

8                **SUPERIOR COURT OF THE STATE OF ARIZONA**

9                       **COUNTY OF MARICOPA**

10  RENEE STEINAKER AND DAVID          | Case No.: CV2018-013417
STEINAKER, a married couple;
11
12              Plaintiffs,            | **NOTICE OF CHANGE OF LAW
                                       | FIRM**
13  vs.
14  SOUTHWEST AIRLINES CO., a Texas
Corporation; TERRY GRAHAM; RYAN     | (*Assigned to the Hon. Margaret Mahoney*)
15  RUSSELL; DEFENDANTS XYZ,
CORPORATIONS 1-X, BLACK AND
16  WHITE PARTNERSHIPS 1-X AND
DOES 1-X UNDER FICTITIOUS
17  NAMES;
18
19              Defendants.
20

21          PLEASE TAKE NOTICE that Erin A. Hertzog, Plaintiff's attorney in the above-

22  captioned matter, is no longer affiliated with Tiffany & Bosco, P.A. Mrs. Hertzog is now

23  affiliated with Cronus Law, PLLC, located at:

24
                        Cronus Law, PLLC
25                  2601 E. Thomas Rd., Ste. 235
                       Phoenix, AZ 85016
26                      Tel: (480) 467-3188
                       Fax: (480) 718-8575
27                Email: eah@cronuslaw.com.
28

                              -1-

RESPECTFULLY submitted this 4th day of June, 2019.

**CRONUS LAW, PLLC**

By: /s/Erin A. Hertzog
     Erin A. Hertzog
     2601 E Thomas Rd., Ste. 235
     Phoenix, AZ 85016
     *Attorneys for Plaintiffs*

**ORIGINAL** electronically filed
this same date via TurboCourt.com

By: /s/Tess Beimler

-2-

Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
6/7/2019 11:21:00 AM
Filing ID 10536630

1

**CRONUS LAW, PLLC**

2
Larry Cohen, AZ Bar No. 010192
3
Jeff Bouma, AZ Bar No. 011808
Erin Hertzog, AZ Bar No. 030770
4
Joel Fugate, AZ Bar No. 031739
5
2601 E Thomas Rd., Ste. 235
Phoenix, AZ 85016
6
Phone: (480) 467-3188
Fax:     (480) 718-8575
7
eah@cronuslaw.com
8
*Attorneys for Plaintiffs*

9

10
**SUPERIOR COURT OF THE STATE OF ARIZONA**

11
**COUNTY OF MARICOPA**

12
RENEE STEINAKER AND DAVID     |     Case No.: CV2018-013417
STEINAKER, a married couple;
13

14
            Plaintiffs,            |     **NOTICE OF APPEARANCE AND
                                          ASSOCIATION OF COUNSEL**
15
vs.

16
SOUTHWEST AIRLINES CO., a Texas    |     (*Assigned to the Hon. Margaret Mahoney*)
Corporation; TERRY GRAHAM; RYAN
17
RUSSELL; DEFENDANTS XYZ,
CORPORATIONS 1-X, BLACK AND
18
WHITE PARTNERSHIPS 1-X AND
19
DOES 1-X UNDER FICTITIOUS
NAMES;
20

21
            Defendants.

22

23
        NOTICE IS HEREBY GIVEN that Larry Cohen, Jeff Bouma and Joel Fugate with

24
the law firm of Cronus Law, PLLC do hereby appear and associate with Erin Hertzog with

25
the law firm of Cronus Law, PLLC as counsel of record for Plaintiffs Renee and David

26
Steinaker.

27
        RESPECTFULLY submitted this 7th day of June, 2019.

28
/ / /

-1-

**CRONUS LAW, PLLC**


By: /s/Erin A. Hertzog
Erin A. Hertzog
2601 E Thomas Rd., Ste. 235
Phoenix, AZ 85016
*Attorneys for Plaintiffs*


**ORIGINAL** electronically filed
this same date via TurboCourt.com


By*: /s/Tess Beimler*

-2-

of the Superior Court
*** Electronically Filed ***
K. Dyer, Deputy
6/10/2019 5:38:00 PM
Filing ID 10544926

**CRONUS LAW, PLLC**

Larry Cohen, AZ Bar No. 010192
Jeff Bouma, AZ Bar No. 011808
Erin Hertzog, AZ Bar No. 030770
Joel Fugate, AZ Bar No. 031739
2601 E Thomas Rd., Ste. 235
Phoenix, AZ 85016
Phone: (480) 467-3188
Fax:     (480) 718-8575
jeff@cronuslaw.com
*Attorneys for Plaintiffs*

**SUPERIOR COURT OF THE STATE OF ARIZONA**

**COUNTY OF MARICOPA**

| | |
|---|---|
| RENEE STEINAKER AND DAVID STEINAKER, a married couple;<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTHWEST AIRLINES CO., a Texas Corporation; TERRY GRAHAM; RYAN RUSSELL; DEFENDANTS XYZ, CORPORATIONS 1-X, BLACK AND WHITE PARTNERSHIPS 1-X AND DOES 1-X UNDER FICTITIOUS NAMES;<br><br>Defendants. | Case No.: CV2018-013417<br><br>**PLAINTIFFS' MOTION TO EXTEND TIME FOR SERVICE**<br><br>(***EXPIDITED RULING REQUESTED***)<br><br>(*Assigned to the Hon. Margaret Mahoney*) |

Plaintiffs, by and through undersigned counsel, hereby move pursuant to Ariz. R. Civ. P. 4(i), for an immediate Order extending the time for service of the Summons and Complaint from the current deadline of June 11, 2019 to a time of no less than ninety (90) days.

Undersigned Counsel is filing this second request to extend the time for service of process on Plaintiffs behalf. There is good cause for the Court to grant this Motion, as

-1-

undersigned counsel has only recently been formally retained. A Notice of Appearance and Association of Counsel was filed on June 7, 2019. More importantly, it was just discovered that this motion was necessary. Plaintiffs had believed that previous counsel intended to, and in fact would, ensure that the Complaint was served on all Defendants before the deadline of June 11, 2019 set by the Court in response to Plaintiffs' first motion to extend the time for service. For reasons not yet understood by undersigned counsel, that was not done and no arrangements to serve the Defendants, who are Southwest Airlines a Texas corporation and two of its pilots, who are also Texas residents, but who obviously could be anywhere in the United States on any given day, were made. Undersigned Counsel is diligently trying to get the Defendants served, but may not be able to do so to comply with the Court's order. Rather than risk violating the service deadline, undersigned counsel is preemptively and prophylactically seeking relief from the Court now. [1]

### Factual and Historical Basis for Motion

Since the inception of this case up until Thursday, June 6, 2019, Plaintiffs have been represented exclusively by the law firm of Tiffany & Bosco, P.A. ("Tiffany & Bosco") (See attached as Exhibit A). During this interval, Plaintiffs and their fellow co-worker on the affected flight, filed complaints with the EEOC and participated in internal meetings requested by their employer, Southwest Airlines. These included a meeting in which Southwest Airlines provided a "forensic" computer evidence demonstration. Up until her departure from the firm on April 24, 2019, the listed attorney of record appearing in this case for Tiffany & Bosco was Erin A. Hertzog. Despite the fact that Mrs. Hertzog's official last day with Tiffany & Bosco was over forty days ago. Unbeknownst to Plaintiffs,

---

[1] Undersigned counsel intended to have this Motion filed no later than Friday, June 7, 2019; however, in the afternoon of Friday, June 7th, 2019, undersigned counsel was informed that there was a death in Mrs. Hertzog's family. This complicated the efforts by undersigned counsel to confirm that the factual and historical information set forth herein, upon which this Motion is based, was accurate, as required by A.R.C.P 11. As a result, Plaintiffs will have to supplement the record with the executed sworn statement which will be attached as Exhibit "A." Undersigned counsel apologizes for any inconvenience this delay has caused the Court.

up to the date undersigned counsel was retained, the case was not treated as an "active client matter" by Tiffany & Bosco. Until June 6, 2019, Plaintiffs in good faith, believed that Tiffany & Bosco was committed to ensuring that no important deadlines, like serving the Complaint, would be missed.

From April 24, 2019 to June 6, 2019, Tiffany & Bosco continued to represent Plaintiffs but, for reasons unclear to Plaintiffs and undersigned counsel, did not assign another attorney at the firm to replace the departed Mrs. Hertzog as counsel of record. Nor did Tiffany & Bosco file the Notice of Disassociation for Mrs. Hertzog that was drafted in advance of her departure. Written Notices of Dissociation were prepared in all of Mrs. Hertzog's active court and administrative cases in compliance with the written transition plan created by Mrs. Hertzog and Tiffany & Bosco following her notice of resignation in early March 2019.[2] She, in good faith, expected that it would be filed and she would be removed as counsel of record for Plaintiffs, even though she was aware that Plaintiffs might seek entirely new counsel after she left the firm. Although Tiffany & Bosco was made aware that Plaintiffs were interviewing other firms and there was a possibility that Cronus Law, PLLC ("Cronus Law") may represent Plaintiffs in this action as early as mid-May, they did not notify Cronus Law of the June 11, 2019 deadline to serve Defendants' until June 4, 2019  (See attached as Exhibit B). Plaintiffs didn't discover Tiffany & Bosco's apparent lack of intent to attempt to serve Defendants until the actual file was received on June 6, 2019. Undersigned counsel's limited review of the file confirms that, following Mrs. Hertzog's firm departure, Tiffany & Bosco did not take any steps during the six-week period to serve the Defendants before the new deadline of June 11, 2019.

---

[2] Mrs. Hertzog provided Tiffany & Bosco with a month and a half of advanced notice of her departure from the firm. Plaintiffs were given three options regarding representation: (1) stay at Tiffany & Bosco, (2) transfer to a new firm of their choosing or, (3) terminate the representation and get a copy of their file. Plaintiffs understood that Tiffany & Bosco valued the case and wanted to continue to represent them, if they so choose and that no important deadlines would be allowed to expire while they were still represented by the firm.

Tiffany & Bosco also retained sole possession of the client file until June 6, 2019. Plaintiffs attempted to get a copy of their file during the weeks preceding retention of Cronus Law so they could intelligently weigh their options. On May 13, 2019, Plaintiffs requested their client file in writing from Tiffany & Bosco. They were told they had a small balance on their account that needed to be paid first.[3] Despite multiple follow up attempts, Plaintiffs did not hear back from Tiffany & Bosco on either the status of their file and or the resolution of their "balance" until May 23, 2019, when Tiffany & Bosco informed Plaintiffs it required a signed document regarding payment of the balance on their account before it would release an electronic copy of the clients' file. The following week, Plaintiffs left several messages with Tiffany & Bosco regarding the file, but they were not returned.  On Thursday, May 30, 2019, Plaintiffs finally heard back from Tiffany & Bosco and were told their file would be ready by Monday, June 3, 2019 or Tuesday, June 4, 2019 at the latest. On Tuesday, June 4, 2019, Plaintiffs, Mrs. Hertzog and attorneys from Cronus Law met in person and Cronus agreed to take over the case as counsel of record.[4]  Plaintiffs personally went directly from Cronus Law to Tiffany & Bosco's office to obtain a copy of the file. They were informed that their file was not ready despite the firm's assurances that it would, in fact, be ready for pick up no later than Tuesday, June 4. Tiffany & Bosco informed them that it was not possible for the firm to provide either Plaintiffs or Cronus Law a copy until Thursday, June 6, 2019. This was confirmed via email correspondence from Tiffany & Bosco that same day (See attached as Exhibit C).

The client file contained critical updates on the matter, as well as several documents that either were necessary for serving Defendants and/or that prevented Plaintiffs from

---

[3] As the Court is well aware, the Ethical Rules do *not* permit an attorney or firm to hold a clients file hostage to an unpaid bill or balance, especially on a contingent fee case where no attorney fees are owed, only (arguably) the costs of the case.

[4] On May 1, 2019, Mrs. Hertzog began working as a contract attorney for Cronus Law. Mrs. Hertzog provides discrete contract legal services from a remote location. She is not an employee of the firm. Mrs. Hertzog acted as an intermediator between Cronus, Plaintiffs and her old firm and is expected to play a continuing, but limited role in this case.

CRONUS LAW, PLLC

understanding the precise status of their matter. This included items such as the list of docketed deadlines for the matter, conformed copies of the Complaint, Summons and initial filings for serving Defendants, draft versions of these filings for purposes of preparing amended versions, records related to the current status of Plaintiffs' Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination and the corresponding request for the Notice of Right to Sue, a copy of the March 13, 2019 Court Order that provides June 11, 2019 as the deadline for serving Defendants and other similar items.[5]

**Legal Standard**

A.R.Civ.P 4(i) states:

**Summons, (i) Time Limit for Service.** If a defendant is not served with process within 90 days after the complaint is filed, the court--on motion, or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This Rule 4(i) does not apply to service in a foreign country under Rules 4.2(i), (j), (k), and(i.)

Arizona Law states that the test is whether the party has demonstrated good cause justifying an extension of the time to serve. Here, Plaintiffs have done everything a reasonable plaintiff could do to ensure that the case was timely reviewed, filed and served. A party acts diligently by obtaining competent counsel to investigate, file and serve the complaint and moving expeditiously to obtain new counsel when their old counsel is no longer willing or able to continue with representation in the case. Plaintiffs did that. It is hard to understand what more a party can or should do to comply with the drafter's intent.

---

[5] Plaintiff formally requested the Notice of Right to Sue from the EEOC back on March 7, 2019 (See attached as Exhibit D). Unfortunately, the EEOC has yet to provide the requested Notice or give any indication of when Plaintiff can expect to receive the Notice and as a result, Plaintiffs are required to file an Amended Complaint removing the discrimination and retaliation claims as separate counts before serving Defendants due to a lack of subject matter jurisdiction.

CRONUS LAW, PLLC

While the rule specifically states the "good cause" is required, it is generally understood in the exercise of due diligence by the Plaintiff to serve Defendants, Arizona and Federal case law does recognize that there are distinctions between "good cause" for a party and good cause for their attorneys. Courts try very hard not to punish innocent and diligent parties for failure of their attorneys.

Further, Courts routinely grant extensions of time when new counsel is being sought or has just been obtained, and needs time to prepare to take over the case. That is also the case here. Finally, Arizona law holds that the need to demonstrate good cause is not absolute, that a party can still obtain an extension of time to serve, even when it cannot show good cause, especially if the party seeks relief before the deadline passes.

> In addition, several federal cases support Maher's position: the language of Rule 4(i), Ariz. R. Civ. P., allows a trial court to extend the time for service, even absent a showing of good cause. *See Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 340 (7th Cir.1996) ( "where good cause is shown, the court has no choice but to extend the time for service ... [i]f, however, good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time"); *Espinoza v. United States,* 52 F.3d 838, 840–41 (10th Cir.1995) ("The plain language of Rule 4(m) ... broadens the [trial] court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause."). These cases are particularly compelling in light of the fact that the federal rule was amended to its current version in 1993, and Arizona's 1996 rule change mirrors the federal change. *See Ritchie v. Grand Canyon Scenic Rides,* 165 Ariz. 460, 462, 799 P.2d 801, 803 (1990) ("Whenever feasible our courts have looked to the origin and interpretation of federal counterparts for guidance in construing the Arizona rules."); *see also Orme Sch. v. Reeves,* 166 Ariz. 301, 304, 802 P.2d 1000, 1003 (1990) ("uniformity in interpretation of our rules and the federal rules is highly desirable"). In short, we reject appellees' assertion that current Rule 4(i) "makes it clear that the court 'shall' dismiss the action unless the 'plaintiff shows good cause for the failure.'" *Maher v. Urman,* Ariz. 543, 547 (Ariz.App. 2005).

The trial court is required to weigh the potential prejudice to each of the parties if a motion to extend is granted or denied. Here, there can be no prejudice to Southwest

CRONUS LAW, PLLC

-6-

Airlines or its employee parties. As is discussed above, Plaintiffs went through the grievance procedures the airline requires before initiating a complaint at the EEOC. The Defendants are not only aware of the nature of Plaintiffs claims, but have formally responded to them in administrative proceedings. Plaintiffs' original request for an extension to serve the Summons and Complaint was to permit Plaintiffs' additional time to request and receive a "Notice of Right to Sue" from the EEOC on the pending Charge of Discrimination for Plaintiff Renee Steinaker. Plaintiffs are still waiting for the EEOC's response to their request for a formal notice of their right to sue. Once that is issued, the Complaint will have to be amended. Under these facts, it is difficult, if not impossible, to see how any of the Defendants would be prejudiced by granting a second extension to serve. The second extension will very likely result in Defendants being served with a First Amended Complaint which will be the Complaint which they must answer and defend.

In contrast, denial of the motion will have significant negative impacts on both Plaintiffs and their former attorney of record, none of which are warranted or serve the interests of justice. When Plaintiffs finally received their client file for the first time on June 6, 2019, there were only 5 days left to serve the Complaint on the Defendants. While it is possible Plaintiffs may succeed is serving Southwest Airlines' Statutory Agent, it was impossible for Plaintiffs to locate and serve the two pilots, whose schedule and locations are unknown to them. This is especially true if the pilots are on duty. Even if Plaintiffs could have discovered where they are flying to and from in the next 24-36 hours, it is unlikely a process server could get through airport security, onto the plane and into the cockpit to serve them. Indeed, it is hard to see any public benefit from forcing Plaintiffs to try to actually do such a thing, given the likely interruption to the normal operations of both the airport and plane where this potential attempted service would occur. Simply put, the potential risks and dangers of forcing Plaintiffs to attempt such a rushed service far outweighs any likely benefit. The Court should therefore exercise it discretion and allow Plaintiffs a reasonable extension to accomplish an orderly and proper service which does not put passenger, pilots, planes and process servers at risk.

**CRONUS LAW, PLLC**

1

**Conclusion**

2

Undersigned counsel and his firm have diligently been working since June 6th to

3

discover and meet the June 11, 2019 deadline to serve. However, as the EEOC has failed

4

to issue the requested notice of right to sue, Undersigned Counsel has had to redraft the

5

complaint to remove the language relating to that notice. This means Southwest Airlines

6

will be timely served with an accurate complaint on June 11th, but the time constraints to

7

locate and serve the individual pilots are impossible to work around, especially since they

8

are both out-of-state residents. If additional time is not granted and this matter is

9

dismissed, one or more of Plaintiffs' claims will be rendered untimely under the applicable

10

statute of limitations. Plaintiffs respectfully suggest that the above facts establish that good

11

cause and due diligence on behalf of Plaintiffs and their current counsel for this second

12

request for an extension to serve and that, further, the lack of prejudice to Defendants and

13

the  hardship and prejudice to Plaintiffs if the motion is denied tip the scales in favor of

14

granting the motion.

15

Accordingly, Plaintiffs respectfully request that the time for service of the

16

Summons and Complaint for all Defendants be extended for an additional ninety (90)

17

days. In the meantime, Plaintiffs continue their good faith efforts to serve the Defendants,

18

including making all reasonable attempts possible to meet the June 11, 2019 deadline.

19

RESPECTFULLY submitted this 10th day of June, 2019.

20

21

**CRONUS LAW, PLLC**

22

23

By: /s/Jeff Bouma
Jeff Bouma
2601 E Thomas Rd., Ste. 235
Phoenix, AZ 85016
*Attorneys for Plaintiffs*

24

25

26

**ORIGINAL** electronically filed
this same date via TurboCourt.com

27

By: /s/Tess Beimler

28

-8-

# EXHIBIT B



| **From:** | Sara L. Hammond |
|---|---|
| **To:** | Erin Hertzog; Tess Beimler |
| **Cc:** | Yash Pahwa |
| **Subject:** | Steinaker \| Service of Process deadline 6/11/19 |
| **Date:** | Tuesday, June 4, 2019 7:10:17 AM |
| **Attachments:** | 4H55010-Amended Complaint DRAFT 1 11 19.DOCX |
| | 4GK5497-Complaint STAMPED 10 25 18.PDF |
| | 4GH1640-SWA Complaint 10-22-18.DOCX |
| | 4IF1499-Deadline notes.DOCX |
| | 4IF1489-Steinaker Deadline Assistant.PDF |
| | 4GI1304-Summons DRAFT 10-25-18.DOCX |
| | 4GK5479-Summons STAMPED 10 25 18.PDF |
| | 4GI1295-Jury Demand DRAFT 10-25-18.DOCX |
| | 4GI1291-Cert of Comp Arbitration DRAFT 10-25-18.DOCX |
| | 4GK5482-Pltf Demand for Jury Trial STAMPED 10 25 18.PDF |
| | 4GK5491-Cert of Compulsory Arbitration STAMPED 10-25-18.PDF |

Erin and Tess,

I should have Steinaker on a disc for you by end of day Thursday. But since the Service deadline is next Tuesday, I wanted to get you those documents so that you could have review and editing time if needed. Please let me know if I can send anything else to you. I will be out most of today, so please text me if you need something urgently. Otherwise, I will be checking my email sporadically in the next 24 hours.

Thanks.

Sara L. Hammond | Legal Assistant | 602.255.6076
shammond@tblaw.com | Website



**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error, then delete it. Thank you.

# EXHIBIT C



| | |
|---|---|
| **From:** | Sara L. Hammond |
| **To:** | John Steinaker |
| **Cc:** | J. Lawrence McCormley; Rylie Knudsen; Sunny Barnes; Rhonda J. Glazebrook; Erin Hertzog; Tess Beimler; Yash Pahwa |
| **Subject:** | RE: File Transfer |
| **Date:** | Tuesday, June 4, 2019 11:52:17 PM |
| **Attachments:** | Steinaker Service of Process deadline 61119.msg |

John,

I am sorry for the late reply to this email. I was out of the office today, but I understand you came by to pick up your file and would like to pick it up Wednesday morning. Unfortunately, that isn't possible, as I will be out of the office on Wednesday as well. Your file will be ready for pick up on Thursday after 3:00pm at our front desk.

Knowing that there is a deadline for your case next week, I sent the attached email to Erin this morning with the necessary materials for her to meet the deadline.

I am sorry this transfer process has taken longer than you anticipated. We only received your permission to transfer your file last Thursday, May 30th, and it normally takes at least 3-5 days to finalize a file transfer. With my time out of office this week, we are doing our best to still meet this time frame.

I have copied both Larry and Erin so that they can be aware of your concerns. I have also copied Erin's new assistant, so that she is aware that you will be picking up your file from our office and delivering it to her office. I will send you an email confirmation on Thursday once your file is at the front desk for pick up.

Thank you for your patience through this process.

Regards,

Sara L. Hammond | Legal Assistant | 602.255.6076
shammond@tblaw.com | Website


CONFIDENTIALITY NOTICE:  The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error, then delete it. Thank you.

-----Original Message-----
From: John Steinaker [mailto:flynmoney@icloud.com]
Sent: Tuesday, June 4, 2019 9:57 AM
To: Sara L. Hammond <SHammond@tblaw.com>
Subject: File Transfer

Hi Sara,
I spoke with Erin and our file has not yet been transferred to Cronus Law. I left a voicemail this morning checking in on the status. Is there any way I can stop by Tiffany and Bosco to pick it up? As we have a deadline approaching.

Best Regards,
John & Renee Steinaker

Sent from my iPhone

# EXHIBIT D



**TB** T I F F A N Y
& B O S C O
P. A.

**Erin A. Hertzog**
Attorney at Law
602-255-6000
eah@tblaw.com

Offices in:
Phoenix, Arizona
Las Vegas, Nevada
San Diego, CA
Albuquerque, NM

March 7, 2019

*Via Electronic Mail and the EEOC Portal*

Patricia Miner, Enforcement Supervisor
United States Equal Employment Opportunity Commission
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012-1848

> Re:   *Renee Steinaker v. Southwest Airlines Co.*
>          *EEOC Charge No. 540-2018-01152*

Dear Ms. Miner:

This Firm represents Ms. Steinaker relating to her employment with and discharge by Southwest Airlines Co., including the above referenced EEOC Charge.

We would like to formally request a Right to Sue Notice be issued with respect to this Charge on this new Charge as promptly as possible. Please let us know the most efficient option for doing so and what you may need from us.

Please contact us if you have any questions or need additional information.  You may also contact Ms. Steinaker at your discretion if needed.

Sincerely,

Erin A. Hertzog

EAH:slh
cc:   Renee Steinaker

www.tblaw.com

Camelback Esplanade II, Seventh Floor       602.255.6000  PHONE
2525 East Camelback Road                    602.255.0103  FAX
Phoenix, Arizona 85016-4229

# Liddy Legal Support Services

PO Box 2007, Phoenix, AZ 85001
63 E. Pennington St., #102, Tucson, AZ 85702
2700 Woodlands Village Blvd., #300-420, Flagstaff, AZ 86001
Phoenix 602-297-0676, Tucson 520-628-2824, Flagstaff 928-225-7737

Client File # 2019-00078
Account   # #0718
Invoice    # 337436
Liddy     # 304278-1

CLERK OF THE
SUPERIOR COURT
RECEIVED CCC #3
NIGHT DEPOSITORY

19 JUN 11  PM 7: 39

**FILED**
BY C. O'NEILL, DEP

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

RENEE STEINAKER, et al.,

Plaintiff(s),

vs

SOUTHWEST AIRLINES, CO., a Texas
corporation, et al.,

Defendant(s).

**CERTIFICATE OF SERVICE
BY PRIVATE PROCESS SERVER**
Case No. CV2018-013417

ORIGINAL

**ENTITY/PERSON TO BE SERVED:** Southwest Airlines, Co., c/o The Prentice-Hall Corporation, Statutory Agent

**PLACE OF SERVICE:**        8825 N. 23rd Avenue, Suite 100, Phoenix, AZ, 85021

**DATE OF SERVICE:** On the __11th__ day of __June__ , 2019 at __2:20__ __PM__    County __Maricopa__

[ ] PERSONAL SERVICE [X]  Left a copy with a person authorized to accept service.   [ ]   At this usual place of abode, I left a copy with a person of suitable age and discretion residing therein.

**Name of Person Served and Relationship/Title**   Served The Prentice-Hall Corporation, Statutory Agent, by serving Krisheena Johnson,

Service of Process Coordinator, authorized to accept and receive service of process

in the State of Arizona by The Prentice-Hall Corporation.

on ___6/11/2019___ we received the following documents for service:

Amended Summons | Amended Civil Complaint | Amended Demand for Jury Trial | Amended Certificate of Compulsory Arbitration | Civil Complaint | Demand for Jury Trial | and Certificate of Compulsory Arbitration.

Received from CRONUS LAW, PLLC, ( JEFF BOUMA #011808 )

PROCESS SERVER:  Floyd R. Brown, #8388

The undersigned states: That I am a certified private process server in the county of Maricopa and am an Officer of the Court.

SIGNATURE OF PROCESS SERVER: _Floyd R Brown_          Date: 6/11/2019

| Item | Amount |
|------|--------|
| Service of Process | $16.00 |
| Mileage | $28.80 |
| Rush Charge Service | $30.00 |
| Doc. Prep Fee | $10.00 |

**Tax ID# 90-0533870**
I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Total     $58.40

CLERK OF THE
SUPERIOR COURT
RECEIVED CCC #3
NIGHT DEPOSITORY

19 JUN 11  PM 7: 39

FILED
BY C. O'NEILL, DEP

1

🌀 **CRONUS LAW, PLLC**

2   Larry Cohen, AZ Bar No. 010192

3   Jeff Bouma, AZ Bar No. 011808
    Erin Hertzog, AZ Bar No. 030770

4   Joel Fugate, AZ Bar No. 031739
    2601 E Thomas Rd., Ste. 235

5   Phoenix, AZ 85016

6   Phone: (480) 467-3188
    Fax:    (480) 718-8575

7   jeff@cronuslaw.com

8   *Attorneys for Plaintiffs*

ORIGINAL

9

10              **SUPERIOR COURT OF THE STATE OF ARIZONA**

11                      **COUNTY OF MARICOPA**

12   RENEE STEINAKER AND DAVID          Case No.: CV2018-013417

13   STEINAKER, a married couple;

14

15              Plaintiffs,             **AMENDED SUMMONS FOR**

16   vs.                                **SOUTHWEST AIRLINES, CO.**

17   SOUTHWEST AIRLINES CO., a Texas
     Corporation; TERRY GRAHAM; RYAN

18   RUSSELL; DEFENDANTS XYZ,
     CORPORATIONS 1-X, BLACK AND

19   WHITE PARTNERSHIPS 1-X AND

20   DOES 1-X UNDER FICTITIOUS
     NAMES;

21

22              Defendants.

23

24        **FROM THE STATE OF ARIZONA TO**: SOUTHWEST AIRLINES, CO.

25                      C/O THE PRENTICE-HALL CORPORATION

26

27

28   / / /

                              -1-

1.      A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this "Summons".

2.      If you do not want a judgment or order taken against you without your input, you must file an "Answer" or a "Response" in writing with the court, and pay the filing fee. If you do not file an "Answer" or "Response" the other party may be given the relief requested in his/her Petition or Complaint. To file your "Answer" or "Response" take, or send, the "Answer" or "Response" to the Office of the Clerk of the Superior Court, 201 West Jefferson Street Phoenix, AZ 85003-2205.

Mail a copy of your "Response" or "Answer" to the other party at the address listed on the top of this Summons.

3.      If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.      You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at 601 West Jackson, Phoenix, Arizona 85003.

5.      Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

6.      Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter

-2-

1    and/or translator or his/her counsel at least ten (10) judicial days in advance of a

2    scheduled court proceeding.

3

4        SIGNED AND SEALED this ____ day of June, 2019.    JUN 11 2019

5

6                                    JEFF FINE, CLERK

7                        By:

8                        Clerk of the Superior Court
                                             Deputy Clerk
9

10                                              M. Patterson
                                                Deputy Clerk
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -3-

Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
6/11/2019 5:00:00 PM
Filing ID 10550036

1    **CRONUS LAW, PLLC**

2    Larry Cohen, AZ Bar No. 010192
3    Jeff Bouma, AZ Bar No. 011808
     Erin Hertzog, AZ Bar No. 030770
4    Joel Fugate, AZ Bar No. 031739
5    2601 E Thomas Rd., Ste. 235
     Phoenix, AZ 85016
6    Phone: (480) 467-3188
     Fax:    (480) 718-8575
7    jeff@cronuslaw.com
8    *Attorneys for Plaintiffs*

9

10              **SUPERIOR COURT OF THE STATE OF ARIZONA**

11                      **COUNTY OF MARICOPA**

12   RENEE STEINAKER AND DAVID            Case No.: CV2018-013417
     STEINAKER, a married couple;
13

14              Plaintiffs,              **PLAINTIFFS' NOTICE OF FILING
                                         OF SUPPLEMENTAL EXHIBIT**
15   vs.

16   SOUTHWEST AIRLINES CO., a Texas
     Corporation; TERRY GRAHAM; RYAN
17   RUSSELL; DEFENDANTS XYZ,            (*Assigned to the Hon. Margaret Mahoney*)
     CORPORATIONS 1-X, BLACK AND
18   WHITE PARTNERSHIPS 1-X AND
     DOES 1-X UNDER FICTITIOUS
19   NAMES;

20
21              Defendants.

22
          Plaintiffs, by and through undersigned counsel, hereby submit the attached
23
     supplemental Exhibit A, which is intended to accompany Plaintiffs' Motion to Extend
24
     Time for Service filed on June 10, 2019.
25
          RESPECTFULLY submitted this 11th day of June, 2019.
26

27   / / /

28

                              -1-

**CRONUS LAW, PLLC**


By: /s/Jeff Bouma
    Jeff Bouma
    2601 E Thomas Rd., Ste. 235
    Phoenix, AZ 85016
    *Attorneys for Plaintiffs*

**ORIGINAL** electronically filed
this same date via TurboCourt.com

By: /s/Tess Beimler

-2-

# EXHIBIT A



 **CRONUS LAW, PLLC**

Larry Cohen, AZ Bar No. 010192
Jeff Bouma, AZ Bar No. 011808
Erin Hertzog, AZ Bar No. 030770
Joel Fugate, AZ Bar No. 031739
2601 E Thomas Rd., Ste. 235
Phoenix, AZ 85016
Phone: (480) 467-3188
Fax:     (480) 718-8575
jeff@cronuslaw.com
*Attorneys for Plaintiffs*

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| RENEE STEINAKER AND DAVID STEINAKER, a married couple; | Case No.: CV2018-013417 |
| Plaintiffs, | **DECLARATION OF RENEE STEINAKER** |
| vs. | |
| SOUTHWEST AIRLINES CO., a Texas Corporation; TERRY GRAHAM; RYAN RUSSELL; DEFENDANTS XYZ, CORPORATIONS 1-X, BLACK AND WHITE PARTNERSHIPS 1-X AND DOES 1-X UNDER FICTITIOUS NAMES; | |
| Defendants. | |

Pursuant to Rule 80(c), Arizona Rules of Civil Procedure, I declare as follows:

1.      I, Renee Steinaker, do hereby swear that: I am over the age of 18 and I am a resident of the State of Arizona and the County of Maricopa.

-1-

2.      I have personal knowledge of the facts herein, and, if called as a witness, could testify completely thereto.

3.      I am a Plaintiff in the above-referenced action, Case No. CV2018-013417, which is currently pending in the Maricopa Superior Court.

4.      Plaintiff David Steinaker ("David") is my husband and also has personal knowledge of the facts herein.

5.      Up until June 6, 2019, David and I have been represented solely by Tiffany & Bosco, P.A. ("Tiffany & Bosco") in the above-referenced action.

6.      Similarly, up until this same date, Tiffany & Bosco retained sole possession of our client file, including but not limited to all the complete docket of deadlines for this matter, all of the relevant pleadings that needed to be served on Defendants and the March 13, 2019 Court Order setting forth June 11, 2019 as the deadline to serve Defendants in this action.

7.      On May 13, 2019, I requested in Tiffany & Bosco to prepare an electronic copy of my client file for purposes of being able to transfer it, but was told I had a small balance on our account that needed to be paid first.

8.      Despite multiple follow-ups, David and I did not hear back from Tiffany & Bosco on the status of my file and instructions for paying the balance until May 23, 2019.

9.      Tiffany & Bosco assured us that they promptly would process the form we needed to sign to pay our account balance and thereafter, the electronic copy of our file would be prepared for transfer.

-2-

10.     Despite this assurance, and the multiple messages we left Tiffany & Bosco the following week, we did not hear anything until end of day on Thursday, May 30, 2019.

11.     Nevertheless, at this time, Tiffany & Bosco promised us that our file would be ready by Monday, June 3, 2019 or Tuesday, June 4, 2019 at the latest.

12.     On Tuesday, June 4, 2019, David and I met with Cronus Law, PLLC ("Cronus Law") to discuss the possibility of retaining the firm to represent us in the above-referenced action.

13.     At the end of the meeting, we decided to move forward in retaining Cronus Law.

14.     Immediately following our meeting at Cronus Law, David and I went to the Tiffany & Bosco office to pick up the client file in person but were told the file was not ready as promised and would now be ready on Thursday, June 6, 2019 instead.

15.     As a result, Cronus Law did not receive any of the documents relevant to the above-referenced action and our representation until Thursday, June 6, 2019.

16.     Upon reviewing my client file, it does not appear that Tiffany & Bosco took any steps between April 24, 2019 and June 6, 2019 to prepare for the upcoming June 11, 2019 service of process deadline.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of June, 2019.

RENEE STEINAKER

-3-

of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
6/11/2019 10:47:00 AM
Filing ID 10546672

**CRONUS LAW, PLLC**

Larry Cohen, AZ Bar No. 010192
Jeff Bouma, AZ Bar No. 011808
Erin Hertzog, AZ Bar No. 030770
Joel Fugate, AZ Bar No. 031739
2601 E Thomas Rd., Ste. 235
Phoenix, AZ 85016
Phone: (480) 467-3188
Fax:    (480) 718-8575
jeff@cronuslaw.com
*Attorneys for Plaintiffs*

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| RENEE STEINAKER AND DAVID STEINAKER, a married couple; | Case No.: CV2018-013417 |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' AMENDED DEMAND FOR JURY TRIAL** |
| SOUTHWEST AIRLINES CO., a Texas Corporation; TERRY GRAHAM; RYAN RUSSELL; DEFENDANTS XYZ, CORPORATIONS 1-X, BLACK AND WHITE PARTNERSHIPS 1-X AND DOES 1-X UNDER FICTITIOUS NAMES; | |
| Defendants. | |

Pursuant to Ariz. R. Civ. P. 38, Plaintiffs respectfully submit their demand for a trial by jury of all issues and claims in this matter.

/ / /

-1-

1    RESPECTFULLY submitted this 11th day of June, 2019.

2

3                                 **CRONUS LAW, PLLC**

4                        By:*/s/ Jeff Bouma*_____

5                            Jeff Bouma
                             Larry Cohen
6                            Erin Hertzog
                             Joel Fugate
7                            2601 E Thomas Rd., Ste. 235
8                            Phoenix, AZ 85016
                             *Attorneys for Plaintiffs*
9

10

**ORIGINAL** electronically filed
11   this same date via TurboCourt.com

12

By: /s/Tess Beimler
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
6/11/2019 10:44:00 AM
Filing ID 10546584

**CRONUS LAW, PLLC**

Larry Cohen, AZ Bar No. 010192
Jeff Bouma, AZ Bar No. 011808
Erin Hertzog, AZ Bar No. 030770
Joel Fugate, AZ Bar No. 031739
2601 E Thomas Rd., Ste. 235
Phoenix, AZ 85016
Phone: (480) 467-3188
Fax:    (480) 718-8575
jeff@cronuslaw.com
*Attorneys for Plaintiffs*

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| RENEE STEINAKER AND DAVID STEINAKER, a married couple;<br><br>                    Plaintiffs,<br><br>vs.<br><br>SOUTHWEST AIRLINES CO., a Texas Corporation; TERRY GRAHAM; RYAN RUSSELL; DEFENDANTS XYZ, CORPORATIONS 1-X, BLACK AND WHITE PARTNERSHIPS 1-X AND DOES 1-X UNDER FICTITIOUS NAMES;<br><br>                    Defendants. | Case No.: CV2018-013417<br><br>**AMENDED CERTIFICATE OF COMPULSORY ARBITRATION** |

Plaintiffs certify that the largest award sought by Plaintiffs, excluding interest, attorneys' fees, and costs, **does** exceed the limits set by Local Rule for compulsory arbitration, and certify that this case **is not** subject to compulsory arbitration as provided by Ariz. R. Civ. P. 72-76.

/ / /

-1-

RESPECTFULLY submitted this 11th day of June, 2019.

CRONUS LAW, PLLC

By:/s/ Jeff Bouma

Jeff Bouma
Larry Cohen
Erin Hertzog
Joel Fugate
2601 E Thomas Rd., Ste. 235
Phoenix, AZ 85016
*Attorneys for Plaintiffs*

**ORIGINAL** electronically filed
this same date via TurboCourt.com

By: /s/Tess Beimler

-2-

Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
6/11/2019 10:40:00 AM
Filing ID 10546586

1

## CRONUS LAW, PLLC

2

Larry Cohen, AZ Bar No. 010192
Jeff Bouma, AZ Bar No. 011808
3
Erin Hertzog, AZ Bar No. 030770
Joel Fugate, AZ Bar No. 031739
4
2601 E Thomas Rd., Ste. 235
5
Phoenix, AZ 85016
Phone: (480) 467-3188
6
Fax:     (480) 718-8575
7
eah@cronuslaw.com
8
*Attorneys for Plaintiffs*

9

10                **SUPERIOR COURT OF THE STATE OF ARIZONA**

11                            **COUNTY OF MARICOPA**

12  | RENEE STEINAKER AND DAVID | Case No.: CV2018-013417 |
13  | STEINAKER, a married couple; | |

14  | Plaintiffs, | **AMENDED CIVIL COMPLAINT** |

15  | vs. | |

16  | SOUTHWEST AIRLINES CO., a Texas | |
17  | Corporation; TERRY GRAHAM; RYAN | |
    | RUSSELL; DEFENDANTS XYZ, | |
18  | CORPORATIONS 1-X, BLACK AND | |
    | WHITE PARTNERSHIPS 1-X AND | |
19  | DOES 1-X UNDER FICTITIOUS | |
20  | NAMES; | |

21  | Defendants. | |

22

23        Plaintiffs Renee Steinaker and David Steinaker ("Plaintiffs") for their cause of

24  action against Defendants Southwest Airlines Co., Terry Graham, and Ryan Russell

25  (collectively "Defendants"), allege:

26                            **GENERAL ALLEGATIONS**
                              **(Parties and Jurisdiction)**

27        1.    Plaintiffs are residents of Maricopa County, State of Arizona and have

28  suffered harms as a result the actions taken by one or more of the Defendants in this

-1-

County and State. Both Plaintiffs are flight attendants for Southwest Airlines.

2.    Defendant Southwest Airlines Co., ("Southwest Airlines") is a Texas corporation conducting business in the State of Arizona, County of Maricopa.

3.    Defendant Terry Gene Graham, resides in Lantana, Denton County, Texas. At all times relevant hereto, Graham was a licensed pilot for Southwest Airlines.

4.    Upon information and belief, at the time that he was transmitting images of passengers and crew utilizing the lavatory, Graham was armed with a firearm pursuant to his position as a Federal Flight Deck Officer.

5.    Defendant Ryan Russell resides in Flower Mound, Denton County, Texas. Russell is a duly licensed pilot. At all times relevant hereto, he was an employee of Southwest Airlines.

6.    Plaintiffs have sued Defendants XYZ, Corporations I-X, Black and White Partnerships I-X and Does I-X under fictitious names. Plaintiffs are informed and believe that said Defendants are in some way responsible for the acts complained of herein. When their true identities have been ascertained, Plaintiffs will seek leave of Court to amend the Complaint.

7.    Defendants have committed actions and caused events to occur in the County of Maricopa, State of Arizona, which are the foundation of this action and out of which this action arises. Accordingly, both jurisdiction and venue are proper.

### (Jury Demand)

8.    Pursuant to Rule 38 of the Arizona Rules of Civil Procedure, Plaintiffs demand a jury trial.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

9.    On February 27, 2017 at approximately 12:55 p.m., Southwest Airlines Flight 1088 departed Pittsburgh, Pennsylvania on a non-stop flight to Phoenix, Arizona.

10.    The aircraft was N8658A, a Boeing 737-800 commercial airliner. The aircraft had both forward and aft lavatories for use by the passengers and crew.

11.    Graham and Russell, Captain and First Officer respectively, were

CRONUS LAW, PLLC

1  commanding Flight 1088.

2      12.   The remaining crew members included four flight attendants. Each had a

3  designated "position" which determined the specific responsibilities of each. These duties

4  were in addition to the absolute obligation of all of them to provide passenger safety.

5      13.   On the flight, Susan Martinez (hereinafter "Martinez") was in position A.

6  Lawrence Frank Jackson ("Jackson") was in B, Sandie Pietz ("Pietz") was the C position

7  and Plaintiff Renee Steinaker was in the D position.

8      14.   About two and one-half hours into Flight 1088, Captain Graham requested

9  that a flight attendant come forward so that he could use the lavatory. This was consistent

10  with airline protocol, requiring that two persons be in the cockpit at all times.

11     15.   Plaintiff Renee Steinaker responded to the direction of the Captain and

12  reported to the front of the aircraft and entered the cockpit after he exited.

13     16.   When Plaintiff Renee Steinaker entered the cockpit, she saw an iPad

14  mounted to the windshield left of the Graham's seat. She saw live streaming on the video.

15     17.   Plaintiff Renee Steinaker then identified the person on the iPad image to be

16  Graham in the lavatory and she immediately asked Russell whether the iPad was live

17  streaming from a camera in the forward lavatory.

18     18.   With a panicked look on his face, Russell admitted that it was live streaming,

19  but advised Plaintiff Renee Steinaker that the cameras were a new security and top secret

20  security measure that had been installed in the lavatories of all Southwest Airlines' 737-

21  800 planes.

22     19.   Russell then directed Plaintiff Renee Steinaker not to say a word to anyone

23  about the cameras or the recording she had seen because she was not supposed to know

24  about this new security measure. He also indicated that the camera was hidden in the

25  lavatory so that no one would ever find it.

26     20.   Plaintiff Renee Steinaker did not believe Russell's assertion and she

27  immediately took a photograph of the iPad which, at the time, had the image of Graham

28  in the lavatory, on her cellular telephone. She advised Russell that she was taking the

photograph to document her observations and that she planned on reporting the issue because she believed she had witnesses criminal and/or unlawful conduct.

21.   When Graham returned from the lavatory, he attempted to hide the iPad from Plaintiff. He refused to respond to any questions concerning the recordings.

22.   Immediately after Graham returned from the lavatory Russell left the cockpit and went to the same lavatory. As required by Southwest Airlines policy, Plaintiff Renee Steinaker remained in the cockpit until he returned. Graham blocked Plaintiff Renee Steinaker's observation of the iPad while Russell was gone, by placing his arm and body to obstruct her view.

23.   Plaintiff Renee Steinaker shared her observations and the photographs that she had taken of the iPad with her fellow flight attendants.

24.   Upon arrival in Phoenix, both Graham and Russell immediately disembarked leaving the aircraft unattended by piloting staff. This was both unusual and a violation of protocol as understood by Plaintiff Renee Steinaker.

25.   By leaving the aircraft, Graham left a loaded firearm unattended in the cockpit, a violation of FAA regulations.

26.   Plaintiff Renee Steinaker and other crew members reported the incident, providing a written incident report and the photograph of the iPad to Southwest Airlines management personnel.

27.   Plaintiff Renee Steinaker specifically expressed her concern for the passengers and crew members, including herself, who had utilized the lavatory on the flight.

28.   Plaintiff Renee Steinaker and the other crew members informed to the management personnel that Graham and Russell only had a short layover in Phoenix and were scheduled to fly N8658A to Nashville, Tennessee.

29.   Despite this and contrary to protocol for Southwest Airlines, Graham and Russell were permitted to depart to Tennessee on time with a new staff of flight attendants.

30.

31.    Likewise, Plaintiff Renee Steinaker and the other crew members requested that management obtain the cockpit recordings from the flight to corroborate the details set forth in the incident report, as well as the feed from Graham's iPad and the camera footage from the airplane gate for the flight.

32.    Southwest Airlines represented to Plaintiff Renee Steinaker and the others that it would investigate the incident.

33.    Plaintiff Renee Steinaker and other flight attendants were directed by Southwest Airlines to keep what they observed to themselves.

34.    Similarly, Plaintiff Renee Steinaker was directed by a supervisor that she was not to talk to anybody about what happened. She was warned that "if this got out, if this went public, no one, I mean no one, would ever fly our airline again."

35.    Plaintiff Renee Steinaker became physically ill at the recognition that Graham and Russell had watched and possibly recorded her disrobing and using the toilet. She was unable to work for several days, sought counseling and continues to have physical, emotional and mental injuries as a result of the incident.

36.    Upon information and belief, Graham and Russell intentionally invaded the privacy of Plaintiff Renee Steinaker on Southwest Airlines Flight 1088 by installing, viewing, watching, recording and/or playing recordings of Plaintiff while she was using the forward lavatory's toilet.

37.    Pending discovery to corroborate the factual allegations in the above Paragraph, Plaintiffs intend to bring an invasion of privacy claim against one or more of the named Defendants.

38.    In the time since the incident, Southwest Airlines has engaged in a pattern of retaliation and monitoring efforts to silence and intimidate all four (4) flight attendants on Flight 1088, as well as Plaintiff Renee Steinaker's husband, Plaintiff David Steinaker.

39.    Upon information and belief, all of the flight attendants on Flight 1088, have been repeatedly stalked and monitored by Southwest Airlines' managers in a similar threatening and bizarre manner.

40. Plaintiff Renee Steinaker has been routinely given performance audits in which a manager gate checks her and observes her in person during the entire flight.

41. Plaintiff David Steinaker was subjected to at least five (5) audits in the course of a few months following the incident, when in his prior twenty-four (24) years of service, he only had approximately three (3) audits.

42. Upon information and belief, the audits were falsely labeled "team building" efforts as a way to circumvent the company's requirement in the collective bargaining agreement that management document each performance audit in writing for the flight attendant's personnel file.

43. One or more of the flight attendants on Flight 1088 were subjected to unjustified "random" drug and alcohol testing and, upon information and belief, one flight attendant was forced to undergo multiple drug tests in a very short period of time.

44. The flight attendants on Flight 1088 were repeatedly warned not to disclose the incident to anyone including family, coworkers, the labor union, internal personnel and/or law enforcement.

45. Upon information and belief, there have been no sanctions taken against Graham or Russell who continue to pilot aircraft for Southwest Airlines.

46. Graham and Russell published falsehoods about Plaintiff Renee Steinaker, knowingly or recklessly disregarding the falsity of those statements.

47. To the extent that the misrepresentations by Graham and Russell were knowingly defamatory and slanderous, as discovery continues, those causes of action may be added.

48. On or around December 22, 2017, Plaintiff Renee Steinaker timely filed Charge of Discrimination No. 540-2018-01152 with the Equal Employment Opportunity Commission alleging that the events that took place on Flight 1088 and the adverse actions taken against her and her husband by Southwest Airlines constituted unlawful sex discrimination, sexual harassment and retaliation in violation of Federal law under Title VII of the Civil Rights Act and in violation of State law under the Arizona Civil Rights

CRONUS LAW, PLLC

-6-

Act.

49.    Plaintiffs have requested a Notice of Right to Sue from the EEOC on Charge of Discrimination No. 540-2018-01152 and upon receipt of this Notice, will timely seek to amend this Complaint to add additional causes of action for sex discrimination, sexual harassment and retaliation under both the respective Federal and State Acts.

50.    At all times pertinent to the allegations of this Complaint, Graham and Russell were acting in furtherance of the business of Southwest Airlines, in the course and scope of their employment.

51.    Southwest Airlines is liable for the actions of Graham and Russell based upon the Arizona doctrine of Respondent Superior, its role as a joint tortfeasor, its express authorization or ratification of the pilots' unlawful conduct, its failure to take reasonable remedial action and/or its intentional and fraudulent concealment of the true events and circumstances.

**First Cause of Action**
**(Intentional or Reckless Infliction of Emotional Distress)**
**(Against All Defendants)**

52.    Plaintiffs incorporate by reference all of the previous allegations in this Complaint as if fully set forth herein.

53.    Upon information and belief, Defendants intentionally or recklessly inflicted emotional distress on Plaintiff Renee Steinaker by recording her while she disrobed and used the toilet facilities in the forward lavatory.

54.    Defendants further intentionally or recklessly inflicted emotional distress on Plaintiff Renee Steinaker by denying that they had recorded individuals in the forward lavatory, by claiming that the event was a "joke," and through other lies and deceptions intended to damage Plaintiff's reputation with her employer Southwest Airlines, her colleagues at Southwest Airlines and her passengers.

55.    Defendants' conduct was so extreme and outrageous that it exceeded all bounds usually tolerated by decent society and caused serious mental distress to Plaintiff.

56.    Southwest Airlines, by permitting Graham and Russell to continue flying

CRONUS LAW, PLLC

passengers and crew members without supervision or punishment, knowing that Plaintiff Renee Steinaker could be a flight attendant on their aircraft, and by directing Plaintiff Renee Steinaker not to discuss the incident with "anyone," and by failing to inspect the aircraft in which Plaintiff flies to ensure that cameras are not installed in lavatories, inflicted and continues to inflict serious physical injury and emotional distress upon her.

57.   Defendants inflicted severe emotional distress by extreme and outrageous conduct committed with the intent to cause emotional distress or with reckless disregard of the likelihood that such distress would result.

58.   As a result, Plaintiff Renee Steinaker has been damaged.

**Second Cause of Action**
**(Negligence)**
**(Against Southwest Airlines)**

59.   Plaintiffs incorporate by reference all of the previous allegations in this Complaint as if fully set forth herein.

60.   Southwest Airlines owed Plaintiffs a duty of care as employees of the Company.

61.   Upon information, Southwest Airlines breached this duty by failing to take any reasonable steps to prevent Graham and Russell from taking criminal and/or unlawful actions against Plaintiff Renee Steinaker on Flight 1088.

62.   Southwest Airlines further breached this duty by failing to take any reasonable steps to prevent Graham and Russell from sexually harassing Plaintiff Renee Steinaker and/or treating her unfavorably on the basis of her sex on Flight 1088.

63.   Finally, Southwest Airlines further breached this duty by negligently and supervising Graham and Russell despite actual or constructive knowledge of their aberrant propensities and actions.

64.   Southwest Airlines' breaches of the reasonable duty of care are the direct and proximate cause of Plaintiff Renee Steinaker suffering emotional, physical and mental injuries.

65.   As a result, Plaintiff is entitled to damages in an amount to be determined at

1   trial.

2          WHEREFORE, Plaintiffs request judgment in their favor and against

3   Defendants as follows:

4          A.     For an award of Plaintiffs' actual, consequential and incidental

5   damages in an amount to be determined at trial;

6          B.     For an award of Plaintiffs' pain and suffering damages caused by

7   Defendants' wrongful acts;

8          C.     For special damages including Punitive damages in an amount to be

9   proven at trial;

10          F.     For an award of Plaintiffs' attorneys' fees and costs incurred in this

11   matter and any other applicable law or contract provision and any other applicable statute,

12   rule or regulation;

13          E.     For an award of post-judgment and pre-judgment interest on each

14   element of damage, cost or attorneys' fees at the highest legal rate from the date of such

15   damage, cost or attorneys' fees was incurred until paid; and

16          F.     For such other and further relief as the Court deems just and proper.

17          RESPECTUFLLY submitted this 11th day of June, 2019.

28   / / /

CRONUS LAW, PLLC

1

2                                    **CRONUS LAW, PLLC**

3

4                          By: */s/ Jeff Bouma*_____

5                              Jeff Bouma
                             Larry Cohen
6                              Erin Hertzog
                             Joel Fugate
7                              2601 E Thomas Rd., Ste. 235
                             Phoenix, AZ 85016
8                              *Attorneys for Plaintiffs*

9

10    **ORIGINAL** electronically filed
     this same date via TurboCourt.com

11

12    By: /s/Tess Beimler

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-10-

***See eSignature page***

Clerk of the Superior Court
*** Electronically Filed ***
K. Ballard, Deputy
6/27/2019 8:00:00 AM
Filing ID 10599623

1

**CRONUS LAW, PLLC**

2   Larry Cohen, AZ Bar No. 010192
    Jeff Bouma, AZ Bar No. 011808
3   Erin Hertzog, AZ Bar No. 030770
    Joel Fugate, AZ Bar No. 031739
4
    2601 E Thomas Rd., Ste. 235
5   Phoenix, AZ 85016
    Phone: (480) 467-3188
6   Fax:    (480) 718-8575
7   jeff@cronuslaw.com
    *Attorneys for Plaintiffs*
8

9              **SUPERIOR COURT OF THE STATE OF ARIZONA**

10                      **COUNTY OF MARICOPA**

11   RENEE STEINAKER AND DAVID          Case No.: CV2018-013417
     STEINAKER, a married couple;
12
              Plaintiffs,
13                                       **SECOND ORDER TO EXTEND**
     vs.                                 **TIME FOR SERVICE**
14
15   SOUTHWEST AIRLINES CO., a Texas
     Corporation; TERRY GRAHAM; RYAN
16   RUSSELL; DEFENDANTS XYZ,            *(Assigned to the Hon. Margaret Mahoney)*
     CORPORATIONS 1-X, BLACK AND
17   WHITE PARTNERSHIPS 1-X AND
     DOES 1-X UNDER FICTITIOUS
18   NAMES;
19            Defendants.
20        The Court having received Plaintiffs' second Motion to Extend Time for Service,
21   and with good cause shown:
22        **IT IS HEREBY ORDERED** that the time limit for service of the Summons and
     Complaint as to all Defendants, in the above-captioned action, is extended from June 11,
23   2019 to the 9th day of September, 2019.
          The Court anticipates granting no further extensions of the dismissal date given
24   the lengthy continuance already granted.
25
          SIGNED this ___ day of June, 2019.
26
27                                       _____
                                         Honorable Margaret R. Mahoney
28                                       Maricopa Superior Court Judge

# eSignature Page 1 of 1

Filing ID: 10599623   Case Number: CV2018-013417
Original Filing ID: 10544926

_____

**Granted with Modifications**



/S/ Margaret Mahoney Date: 6/26/2019
_____
Judicial Officer of Superior Court

# ENDORSEMENT PAGE

CASE NUMBER: CV2018-013417                    SIGNATURE DATE: 6/26/2019

E-FILING ID #: 10599623                         FILED DATE: 6/27/2019 8:00:00 AM


ERIN A HERTZOG



SOUTHWEST AIRLINES CO
8825 N 23RD AVE STE 100 PHOENIX AZ 85021

# Liddy Legal Support Services

PO Box 2007, Phoenix, AZ 85001
63 E. Pennington St., #102, Tucson, AZ 85702
2700 Woodlands Village Blvd., #300-420, Flagstaff, AZ 86001
Phoenix 602-297-0676, Tucson 520-628-2824, Flagstaff 928-225-7737

Client File # 2019-00078
Account   # #0718
Invoice   # -----------
Liddy     # 305091-1

CLERK OF THE
SUPERIOR COURT
FILED
J. WHITE, DEP

**19 JUL - 1  PM 3: 45**

T

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

RENEE STEINAKER; DAVID STEINAKER,

|                          |                                                         |
|--------------------------|---------------------------------------------------------|
| **Plaintiff(s),**        | **CERTIFICATE OF SERVICE BY PRIVATE PROCESS SERVER**    |
| vs                       | **Case No. CV2018-013417**                              |
| SOUTHWEST AIRLINES, CO., ET AL., |                                                 |
| **Defendant(s).**        |                                                         |

☐ **ORIGINAL**

**ENTITY/PERSON TO BE SERVED:** Ryan Russell

**PLACE OF SERVICE:**       4113 Equestrian Ct., Flower Mound, TX 75028

**DATE OF SERVICE:** On the __25th__ day of __June__ , 2019  at __7:29__ PM      County __Denton__

☐ PERSONAL SERVICE ☐   Left a copy with a person authorized to accept service.   ☒   At this usual place of abode, I left a copy with a person of suitable age and discretion residing therein.

**Name of Person Served and Relationship/Title**

Served by leaving the documents with Tara Russell, wife and co-resident of Ryan

Russell. (W/F 45y/o 5'4" 130 lbs Bln Hair)

on __6/19/2019__ we received the following documents for service:

Amended Summons; Amended Civil Complaint; Amended Certificate of Compulsory Arbitration; Amended Demand for Jury Trial

Received from CRONUS LAW, PLLC, ( JEFF BOUMA #011808 )

PROCESS SERVER:   Michael Hernandez (PSC4597 Exp. 7/31/19)

The undersigned states: That I am a private process server in the county of Denton, state of Texas.

SIGNATURE OF PROCESS SERVER:                                      Date: 6/26/19

**Tax ID#** 90-0533870
I declare under penalty of perjury that the foregoing is true
and correct and was executed on this date.

Clerk of the Superior Court
*** Electronically Filed ***
C. Diaz, Deputy
7/11/2019 1:19:00 PM
Filing ID 10648400

1   R. Shawn Oller; AZ Bar No. 019233
    soller@littler.com
2   Peter C. Prynkiewicz; AZ Bar No. 015256
    pprynkiewicz@littler.com
3   LITTLER MENDELSON, P.C.
    Camelback Esplanade
4   2425 East Camelback Road, Suite 900
    Phoenix, AZ  85016
5   Telephone:    602.474.3600
    Facsimile:    602.957.1801
6
7   Attorneys for Defendants
    Southwest Airlines Co.

8

                **SUPERIOR COURT OF THE STATE OF ARIZONA**
9
                        **COUNTY OF MARICOPA**
10

11  RENE STEINAKER AND DAVID              |  Case No. CV2018-013417
    STEINAKER, a married couple;
12
            Plaintiffs,
13                                         |  **DEFNDANT SOUTHWEST'S**
    vs.                                    |  **ANSWER TO AMENDED CIVIL**
14                                         |  **COMPLAINT**
    SOUTHWEST AIRLINES CO., a Texas        |
15  Corporation; TERRY GRAHAM; RYAN        |  (Assigned to the Hon. Margaret Mahoney)
    RUSSELL; DEFENDANTS XYZ,
16  CORPORATIONS 1-X, BLACK AND
    WHITE PARTNERSHIPS 1-X AND
17  DOES 1-X UNDER FICTITIOUS
    NAMES,
18
            Defendants.
19

20          Defendant Southwest Airlines Co. answers the Amended Civil Complaint filed by

21  Plaintiffs by admitting, denying, and affirmatively alleging as follows:

22                          **GENERAL ALLEGATIONS**
                              **(Parties and Jurisdiction)**
23

24          1.      Southwest admits that both Plaintiffs are flight attendants for Southwest and

25  that Plaintiff are residents of Maricopa County, but deny the remaining allegations in ¶ 1 of

26  Plaintiffs' Amended Civil Complaint.

27          2.      Southwest admits the allegations in ¶ 2 of Plaintiffs' Amended Civil

28  Complaint.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

1    3.    Southwest admits that Defendant Graham was a licensed pilot for Southwest,

2 but is without knowledge or information sufficient to form a belief as to the truth of the

3 remaining allegations in ¶ 3 of Plaintiffs' Amended Civil Complaint.

4    4.    Southwest denies that Defendant Graham was transmitting images of

5 passengers and crew using the lavatory, but is without knowledge or information sufficient to

6 form a belief as to the truth of the remaining allegations in ¶ 4 of Plaintiffs' Amended Civil

7 Complaint.

8    5.    Southwest admits that Defendant Russell is a duly licensed pilot and employee

9 of Southwest, but is without knowledge or information sufficient to form a belief as to the

10 truth of the remaining allegations in ¶ 5 of Plaintiffs' Amended Civil Complaint.

11    6.    Southwest is without knowledge or information sufficient to form a belief as to

12 the truth of the allegations in ¶ 6 of Plaintiffs' Amended Civil Complaint.

13    7.    Southwest denies the allegations in ¶ 7 of Plaintiffs' Amended Civil

14 Complaint.

15                              **(Jury Demand)**

16    8.    Southwest admits the allegations in ¶ 8 of Plaintiffs' Amended Civil

17 Complaint.

18              **<u>FACTS COMMON TO ALL CLAIMS FOR RELIEF</u>**

19    9.    Southwest admits the allegations in ¶ 9 of Plaintiffs' Amended Civil

20 Complaint.

21    10.    Southwest admits the allegations in ¶ 10 of Plaintiffs' Amended Civil

22 Complaint.

23    11.    Southwest admits the allegations in ¶ 11 of Plaintiffs' Amended Civil

24 Complaint.

25    12.    Southwest admits the allegations in ¶ 12 of Plaintiffs' Amended Civil

26 Complaint.

27    13.    Southwest admits the allegations in ¶ 13 of Plaintiffs' Amended Civil

28 Complaint.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-2-

1      14.    Southwest is without knowledge or information that Defendant Graham's

2    request came about two and one-half hours into Flight 1088, but admits the remaining

3    allegations in ¶ 14 of Plaintiffs' Amended Civil Complaint.

4      15.    Southwest is without knowledge or information sufficient to form a belief as to

5    the truth of the allegations in ¶ 15 of Plaintiffs' Amended Civil Complaint.

6      16.    Southwest denies the allegations in ¶ 16 of Plaintiffs' Amended Civil

7    Complaint.

8      17.    Southwest is without knowledge or information sufficient to form a belief as to

9    the truth of the allegations in ¶ 17 of Plaintiffs' Amended Civil Complaint.

10      18.    Southwest denies that Defendant Russell admitted live streaming, but is

11    without knowledge or information sufficient to form a belief as to the truth of the remaining

12    allegations in ¶ 6 of Plaintiffs' Amended Civil Complaint.

13      19.    Southwest is without knowledge or information sufficient to form a belief as to

14    the truth of the allegations in ¶ 19 of Plaintiffs' Amended Civil Complaint.

15      20.    Southwest admits that Plaintiff took a photograph, but is without knowledge or

16    information sufficient to form a belief as to the truth of the remaining allegations in ¶ 20 of

17    Plaintiffs' Amended Civil Complaint.

18      21.    Southwest is without knowledge or information sufficient to form a belief as to

19    the truth of the allegations in ¶ 21 of Plaintiffs' Amended Civil Complaint.

20      22.    Southwest is without knowledge or information sufficient to form a belief as to

21    the truth of the allegations in ¶ 22 of Plaintiffs' Amended Civil Complaint.

22      23.    Southwest is without knowledge or information sufficient to form a belief as to

23    the truth of the allegations in ¶ 23 of Plaintiffs' Amended Civil Complaint.

24      24.    Southwest is without knowledge or information sufficient to form a belief as to

25    the truth of the allegations in ¶ 24 of Plaintiffs' Amended Civil Complaint.

26      25.    Southwest is without knowledge or information sufficient to form a belief as to

27    the truth of the allegations in ¶ 25 of Plaintiffs' Amended Civil Complaint.

28

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

1    26.    Southwest admits the allegations in ¶ 26 of Plaintiffs' Amended Civil

2    Complaint.

3    27.    Southwest is without knowledge or information sufficient to form a belief as to

4    the truth of the allegations in ¶ 27 of Plaintiffs' Amended Civil Complaint.

5    28.    Southwest is without knowledge or information sufficient to form a belief as to

6    the truth of the allegations in ¶ 28 of Plaintiffs' Amended Civil Complaint.

7    29.    Southwest denies that the pilots' departure was contrary to protocol, but admits

8    the remaining allegations in ¶ 29 of Plaintiffs' Amended Civil Complaint.

9    30.    There are no allegations in ¶ 30 of Plaintiffs' Amended Civil Complaint.

10    31.    Southwest is without knowledge or information sufficient to form a belief as to

11    the truth of the allegations in ¶ 31 of Plaintiffs' Amended Civil Complaint.

12    32.    Southwest admits the allegations in ¶ 32 of Plaintiffs' Amended Civil

13    Complaint.

14    33.    Southwest denies the allegations in ¶ 33 of Plaintiffs' Amended Civil

15    Complaint.

16    34.    Southwest denies the allegations in ¶ 34 of Plaintiffs' Amended Civil

17    Complaint.

18    35.    Southwest denies that Defendants Graham and Russell "watched and possibly

19    recorded her disrobing and using the toilet, but is without knowledge or information

20    sufficient to form a belief as to the truth of the remaining allegations in ¶ 35 of Plaintiffs'

21    Amended Civil Complaint.

22    36.    Southwest denies the allegations in ¶ 36 of Plaintiffs' Amended Civil

23    Complaint.

24    37.    Southwest is without knowledge or information sufficient to form a belief as to

25    the truth of the allegations in ¶ 37 of Plaintiffs' Amended Civil Complaint.

26    38.    Southwest denies the allegations in ¶ 38 of Plaintiffs' Amended Civil

27    Complaint.

28

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-4-

1       39.   Southwest denies the allegations in ¶ 39 of Plaintiffs' Amended Civil

2  Complaint.

3       40.   Southwest denies the allegations in ¶ 40 of Plaintiffs' Amended Civil

4  Complaint.

5       41.   Southwest denies the allegations in ¶ 41 of Plaintiffs' Amended Civil

6  Complaint.

7       42.   Southwest denies the allegations in ¶ 42 of Plaintiffs' Amended Civil

8  Complaint.

9       43.   Southwest denies the allegations in ¶ 43 of Plaintiffs' Amended Civil

10  Complaint.

11       44.   Southwest denies the allegations in ¶ 44 of Plaintiffs' Amended Civil

12  Complaint.

13       45.   Southwest denies the allegations in ¶ 45 of Plaintiffs' Amended Civil

14  Complaint.

15       46.   Southwest is without knowledge or information sufficient to form a belief as to

16  the truth of the allegations in ¶ 46 of Plaintiffs' Amended Civil Complaint.

17       47.   Southwest is without knowledge or information sufficient to form a belief as to

18  the truth of the allegations in ¶ 47 of Plaintiffs' Amended Civil Complaint.

19       48.   Southwest admits the allegations in ¶ 48 of Plaintiffs' Amended Civil

20  Complaint.

21       49.   Southwest is without knowledge or information sufficient to form a belief as to

22  the truth of the allegations in ¶ 49 of Plaintiffs' Amended Civil Complaint.

23       50.   Southwest denies the allegations in ¶ 50 of Plaintiffs' Amended Civil

24  Complaint.

25       51.   Southwest denies the allegations in ¶ 51 of Plaintiffs' Amended Civil

26  Complaint.

27

28

LITTLER MENDELSON, P.C
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-5-

**First Cause of Action**
**(Intentional or Reckless Infliction of Emotional Distress)**
**(Against All Defendants)**

52.     Southwest incorporates by reference all of it previous responses to Plaintiffs'
allegations as if fully set forth herein.

53.     Southwest denies the allegations in ¶ 53 of Plaintiffs' Amended Civil
Complaint.

54.     Southwest denies the allegations in ¶ 54 of Plaintiffs' Amended Civil
Complaint.

55.     Southwest denies the allegations in ¶ 55 of Plaintiffs' Amended Civil
Complaint.

56.     Southwest denies the allegations in ¶ 56 of Plaintiffs' Amended Civil
Complaint.

57.     Southwest denies the allegations in ¶ 57 of Plaintiffs' Amended Civil
Complaint.

58.     Southwest denies the allegations in ¶ 58 of Plaintiffs' Amended Civil
Complaint.

**Second Cause of Action**
**(Negligence)**
**(Against Southwest Airlines)**

59.     Southwest incorporates by reference all of it previous responses to Plaintiffs'
allegations as if fully set forth herein.

60.     Southwest denies the allegations in ¶ 60 of Plaintiffs' Amended Civil
Complaint.

61.     Southwest denies the allegations in ¶ 61 of Plaintiffs' Amended Civil
Complaint.

62.     Southwest denies the allegations in ¶ 62 of Plaintiffs' Amended Civil
Complaint.

63.     Southwest denies the allegations in ¶ 63 of Plaintiffs' Amended Civil
Complaint.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-6-

1    64.    Southwest denies the allegations in ¶ 64 of Plaintiffs' Amended Civil

2    Complaint.

3    65.    Southwest denies the allegations in ¶ 65 of Plaintiffs' Amended Civil

4    Complaint.

5    66.    Southwest denies each and every allegations in Plaintiffs' Amended Civil

6    Complaint that it did not specifically admit.

7                        **Affirmative Defenses**

8    67.    Plaintiffs' Amended Civil Complaint fails to state a claim against Southwest

9    for which relief can be granted.

10    68.    All of Plaintiffs' claims against Southwest are barred because Arizona's

11    workers' compensation statutes provide her exclusive remedy for the claims alleged against

12    Southwest in this action.

13    69.    Plaintiffs' failed to mitigate their alleged damages.

14    70.    Southwest reserves the right to amend its answer to add any additional

15    affirmative defenses that may be revealed in discovery.

16    WHEREFORE, having fully answered Plaintiffs' Amended Civil Complaint,

17    Southwest requests that the Court enter judgment as follows:

18    A.    For Southwest on all Plaintiffs' claims;

19    B.    Awarding Plaintiff no damages;

20    C.    Awarding Southwest the attorneys' fees and costs it incurred in having to

21    defend against Plaintiffs' claims under A.R.S. §§ 12-341 and 12-349; and

22    D.    For such other relief as the Court deems just and proper.

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

1

2

DATED this 11ᵗʰ day of July, 2019.

3

4                                         /s/ Peter C. Prynkiewicz
                                          R. Shawn Oller
5                                         Peter C. Prynkiewicz
                                          LITTLER MENDELSON, P.C.
6                                         Attorneys for Defendants
                                          Southwest Airlines Co.

7

8    I hereby certify that the original of the
     foregoing was electronically filed using
9    AZ Turbo Court to the Clerk of the Court
     and a copy of the same was mailed via
10   U.S. Mail to the following if non-
     registrants, this 11ᵗʰ day of July, 2019.

11

12   Larry Cohen
     Jeff Bouma
     Erin Hertzog
13   Joel Fugate
     CRONUS LAW, PLLC
14   2601 East Thomas Road, Ste. 235
     Phoenix, Arizona 85016
15   Attorneys for Plaintiffs

16

17   /s/ Tisha A. Davis
     FIRMWIDE:165479003.1 087904.1017

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-8-

Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
7/17/2019 3:42:00 PM
Filing ID 10670102

1    **CRONUS LAW, PLLC**

2    Larry Cohen, AZ Bar No. 010192
     Jeff Bouma, AZ Bar No. 011808
3    Erin Hertzog, AZ Bar No. 030770
4    Joel Fugate, AZ Bar No. 031739
     2601 E Thomas Rd., Ste. 235
5    Phoenix, AZ 85016
6    Phone: (480) 467-3188
     Fax:    (480) 718-8575
7    lcohen@cronuslaw.com
8    jeff@cronuslaw.com
     eah@cronuslaw.com
9    joel@cronuslaw.com
10   admin@cronuslaw.com
     *Attorneys for Plaintiffs*

11

12             **SUPERIOR COURT OF THE STATE OF ARIZONA**

13                 **COUNTY OF MARICOPA**

14   RENEE STEINAKER AND DAVID      Case No.: CV2018-013417
     STEINAKER, a married couple;
15

16            Plaintiffs,
17                        **STIPUATION TO CONTINUE ON**
     vs.                           **INACTIVE CALENDAR**
18
     SOUTHWEST AIRLINES CO., a Texas
19   Corporation; TERRY GRAHAM; RYAN
20   RUSSELL; DEFENDANTS XYZ,
     CORPORATIONS 1-X, BLACK AND
21   WHITE PARTNERSHIPS 1-X AND
     DOES 1-X UNDER FICTITIOUS
22   NAMES;
23
            Defendants.
24

25

26        Plaintiffs Renee and David Steinaker and Defendant Southwest Airlines Co., by

27   and through counsel undersigned, hereby stipulate and move the Court for an order

28

continuing this case on the Inactive Calendar for a period of 90 days, pursuant to Rule 38.1(f)(3) *Ariz. R. Civ. P.* Good cause exists for granting this stipulated request as is set forth below.

This case was filed on October 25, 2018 by Plaintiff's original counsel Tiffany & Bosco so as to preserve claims subject to a 1-year statute of limitation, even though Plaintiffs were waiting for an Equal Employment Opportunity Commission (EEOC) "right to sue" letter before pleading their employment law claims. These claims are an important component to Plaintiffs' claims and it is in the interest of all parties to have all claims resolved in one action.  Undersigned counsel was retained on June 6, 2019 and took over as lead counsel on June 7, 2019. The matter is currently scheduled for dismissal on July 29, 2019.

Defendant Southwest Airlines has been served and has filed an Answer to the First Amended Complaint on June 11, 2019. Defendants Russell have also been served. Defendants Graham have not been served, but he and Defendant Graham have retained the same counsel, Alyssa R. Illsley of the firm of Quintairos, Prieto, Wood & Boyer, P.A. Ms. Illsley has contacted Plaintiff and agreed to accept service on Defendant Graham's behalf. Plaintiff has agreed to extend the time for Russel to file a responsive pleading so one pleading can be filed on behalf of both Russel and Graham. Additionally, Plaintiffs and Southwest have begun preliminary discussions regarding a possible settlement conference while the parties wait for the EEOC response to Plaintiffs pending request for permission to bring the employment claims in this suit.

The parties have moved as expeditiously as possible to preserve all claims and to be prepared to move forward on the prerequisite jurisdictional administrative procedures related to the employment claims. Dismissing this matter would not serve the interests of justice, nor would it improve the efficiency or reduce the costs to the parties and the court system, as any dismissal would be subject to Arizona's Savings Statute (A.R.S. §12-504). Under these circumstances, maintaining this case on the Inactive Calendar for an additional 90 days before requiring a Rule 16 Scheduling Order to be filed is the appropriate remedy.

Accordingly, Plaintiff and Defendant Southwest hereby respectfully request this matter be continued on the dismissal calendar for a period of no less than ninety (90) days.

RESPECTUFLLY submitted this 17th day of July, 2019.

CRONUS LAW, PLLC

By: _____
Larry Cohen
Jeff Bouma
Erin Hertzog
Joel Fugate
2601 E Thomas Rd., Ste. 235
Phoenix, AZ 85016
*Attorneys for Plaintiffs*

///

///

///

-3-

CRONUS LAW, PLLC

1

**LITTLER MENDELSON, P.C.**

2

By:*/s/ Peter Prynkiewicz with permission*
Peter C. Prynkiewicz
Special Counsel
2425 E. Camelback Rd., Ste 900
Phoenix, AZ 85016
*Attorney for Defendant Southwest Airlines Co.*

3

4

5

6

7

8

**ORIGINAL** electronically filed
this same date via TurboCourt.com

9

10

R. Shawn Oller
Peter Prynkiewicz
**LITTLER MENDELSON, P.C.**
Camelback Esplanade
2425 E Camelback Rd., Ste. 900
Phoenix, AZ 85016
soller@littler.com
pprynkiewicz@littler.com
*Attorneys for Defendants Southwest
Airlines, Co.*

11

12

13

14

15

16

17

Alyssa R. Illsley
Dominique Barrett
**QUINTAIROS, PRIETO, WOOD &
BOYER, P.A.**
2390 E Camelback Rd., Ste. 440
Phoenix, AZ 85016
*Attorneys for Defendants Terry Graham
and Jane Doe Graham, Ryan Russell
and Jane Doe Russell*

18

19

20

21

22

23

By: */s/Christine Miller*

24

25

26

27

28

-4-