Dominique Barrett (Bar No. 015856)
Alyssa R. Illsley (Bar No. 032956)
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
2390 East Camelback Road, Suite 440
Phoenix, Arizona  85016
Telephone:    (602) 954-5605
Facsimile:    (602) 954-5606
dominique.barrett@qpwblaw.com
alyssa.illsley@qpwblaw.com
*Attorneys for Defendant Terry Graham and Ryan Russell*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Renee Steinaker, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Southwest Airlines Company, *et al.*,<br><br>Defendants. | CASE NO. CV-19-05022-PHX-SPL<br><br>**DEFENDANTS TERRY GRAHAM AND RYAN RUSSELL'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** |

Defendants Terry Graham and Ryan Russell (collectively "Defendants"), by and through undersigned counsel, hereby answer Plaintiffs Renee Steinaker and David Steinaker's (collectively, "Plaintiffs") Amended Complaint as follows:

**GENERAL ALLEGATIONS**
**(Parties and Jurisdiction)**

1. Defendants are without sufficient information to form a belief as to the truth of the allegations and therefore deny them.

2. Defendants admit the allegations contained in paragraph 2 of Plaintiffs' Amended Complaint.

3. Defendants admit the allegations contained in paragraph 3 of Plaintiffs' Amended Complaint.

4. Answering paragraph 4, Defendants admit Defendant Graham is a Federal Flight Deck Officer and is able to fly with a firearm pursuant to federal law. Defendants deny the remaining allegations contained in paragraph 4 of Plaintiffs' Amended Complaint.

5. Defendants admit the allegations contained in paragraph 5 of Plaintiffs' Amended Complaint.

6. Answering paragraph 6, Defendants allege Plaintiffs are required to specifically name and identify each Defendant against whom they allege a cause of action.

7. Answering paragraph 7, Defendants deny a cause of action exists and deny all allegations of liability and damages. Defendants further admit jurisdiction and venue are proper in the District Court for the State of Arizona.

**(Jury Demand)**

8. Defendants demand a jury trial.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

9. Defendants admit the allegations contained in paragraphs 9, 10, 11, and 12 of Plaintiffs' Amended Complaint.

10. Defendants are without sufficient information to form a belief as to the allegations in paragraph 13 and therefore deny the same.

11. Defendants admit the allegations contained in paragraphs 14 and 15 of Plaintiffs' Amended Complaint.

12. Answering paragraph 16, Defendants admit Graham's iPad was located in the cockpit. Defendants deny the remainder of the allegations alleged therein.

13. Answering paragraph 17, Defendants admit Renee Steinaker asked Defendant Russell whether the iPad was live streaming from a camera in the lavatory. Defendants deny the remaining allegations alleged in paragraph 17 of Plaintiffs' Amended Complaint.

14. Defendants deny the allegations allege in paragraphs 18 and 19 of Plaintiffs' Amended Complaint.

15. Defendants are without sufficient information to admit or deny the allegations alleged in paragraph 20 of Plaintiffs' Amended Complaint and therefore deny the same.

16. Defendants deny the allegations alleged in paragraph 21 of Plaintiffs' Amended Complaint.

17. Defendants admit Defendant Russell used the forward lavatory after Defendant Graham used the lavatory. Defendants deny the remainder of the allegations alleged in paragraph 22 of Plaintiffs' Amended Complaint.

18. Defendants are without sufficient information to admit or deny the allegations alleged in paragraph 23 of the Amended Complaint and therefore deny the same.

19. Defendants admit they each disembarked the aircraft at some point. Defendants deny they left the aircraft unattended by piloting staff or violated company protocols or applicable laws. Defendants deny the remaining allegations in paragraph 24 of Plaintiffs' Amended Complaint.

20. Defendants deny the allegations alleged in paragraph 25 of Plaintiffs' Amended Complaint.

21. Defendants are without sufficient information to admit or deny the allegations alleged in paragraphs 26, 27, and 28, and therefore deny the same.

22. Defendants admit they flew to Tennessee on the day at issue in the litigation. Defendants deny the remaining allegations alleged in paragraph 29 of Plaintiffs' Amended Complaint.

23. Defendants are without sufficient information to admit or deny the allegations alleged in paragraphs 31[1], 32, 33, 34, and 35 of Plaintiffs' Amended Complaint and therefore deny the same.

24. Defendants deny the allegations alleged in paragraph 36 of Plaintiffs' Amended Complaint.

25. Defendants are without sufficient information to for a belief as to the allegations in paragraph 37 of Plaintiffs' Amended Complaint and therefore deny the same.

---

[1] Paragraph 30 of the Amended Complaint is blank.

26. Defendants are without sufficient information to admit or deny the allegations alleged in paragraphs 38, 39, 40, 41, 42, 43, and 44 of Plaintiffs' Amended Complaint and therefore deny the same.

27. Defendants admit they continue to fly aircrafts for Southwest Airlines and deny any sanctions were warranted as alleged in paragraph 45 of Plaintiffs' Amended Complaint.

28. Defendants deny the allegations alleged in paragraphs 46 and 47 of Plaintiffs' Amended Complaint.

29. Defendants are without sufficient information to admit or deny the allegations alleged in paragraphs 48 and 49 of Plaintiffs' Amended Complaint and therefore deny the same.

30. Defendants admit they were acting within the scope of their employment on the day at issue in the litigation as alleged in paragraph 50 of Plaintiffs' Amended Complaint.

31. The allegations alleged in paragraph 51 are not regarding Defendants and therefore no answer is required. To the extent an answer is required of Defendants, the allegations therein are denied.

### First Cause of Action
**(Intentional or Reckless Infliction of Emotional Distress)**
**(Against All Defendants)**

32. Defendants incorporate all answers, averments, and denials in paragraphs 1 through 51 as if fully set forth herein.

33. Defendants deny the allegations alleged in paragraphs 52, 53, 54 and 55 of Plaintiffs' Amended Complaint.

34. Answering paragraph 56, the allegations alleged therein are not regarding Defendants and therefore an answer is not required. To the extent an answer is required of Defendants, the allegations therein are denied.

35. Defendants deny the allegations alleged in paragraphs 57 and 58 of Plaintiffs' Amended Complaint.

/ / /

/ / /

**Second Cause of Action**
**(Negligence)**
**(Against Southwest Airlines)**

36. Defendants incorporate all answers, averments, and denials in paragraphs 1 through 58 as if fully set forth herein.

37. Answering paragraphs 59, 60, 61, 62, 63, 64, and 65, the allegations and cause of action alleged therein are not regarding Defendants and therefore an answer is not required. To the extent an answer is required of Defendants, the allegations therein are denied.

**GENERAL DENIAL**

38. Defendants deny any and all allegations in the Amended Complaint not specifically admitted.

**AFFIRMATIVE DEFENSES**

Defendants set forth the following affirmative defenses:

1. Plaintiffs' injuries and damages, if any, are barred by the statute of limitations.

2. Plaintiffs' Amended Complaint, and each count thereof, fails to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. Rule 12(b)(6).

3. Plaintiffs' claims are limited and/or barred by the doctrine of comparative and/or contributory negligence. Plaintiffs' injuries and damages, if any, were proximately caused by their own negligence and/or assumption of the risk, and such negligence and/or assumption of the risk should completely bar Plaintiffs from any recovery.

4. Plaintiffs failed to mitigate their damages.

5. Plaintiffs' alleged injuries and/or the damages alleged by Plaintiffs were the result of an independent, superseding and/or intervening cause.

6. Plaintiffs' alleged injuries and/or the damages alleged by Plaintiffs were caused, or contributed to be caused, by the negligence and/or fault of others over whom Defendants had no control, and such negligence and/or fault should be compared, thereby reducing or completely barring Plaintiffs' alleged right to recover against Defendants. *See* A.R.S. § 12-2501.

7. Defendants did not invade or intrude upon Plaintiffs' privacy or seclusion.

8. Defendants did not engage in any type of extreme and outrageous conduct required to support a claim for intentional infliction of emotional distress.

9. Discovery has not yet begun in this matter and new or additional affirmative defenses may be discovered. Defendants therefore reserve the right to amend this Answer to include any additional affirmative defenses set forth in Fed. R. Civ. P. Rule 8 or 12, if and when they become discovered and/or applicable during the course of continued discovery.

**WHEREFORE**, having fully answered Plaintiffs' Amended Complaint, Defendants Terry Graham and Ryan Russell pray that this Court enter judgment in their favor against Plaintiffs, that Plaintiffs take nothing thereby, and that Defendants be awarded their fees and costs incurred herein in defense of this action, and for such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 29th day of August, 2019.

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

By: /s/ Dominique Barrett
Dominique Barrett
Alyssa R. Illsley
*Attorneys for Defendants Terry Graham and Ryan Russell*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of August, 2019, I electronically transmitted the foregoing with the Clerk of the Court using the CM/ECF system for filing, and copies were mailed to all counsel of record at the following addresses:

Larry Cohen
Jeff Bouma
Erin Hertzog
Joel Fugate
**CRONUS LAW, PLLC**
2601 E. Thomas Rd., Suite 235
Phoenix, AZ 85016
lcohen@cronuslaw.com
jeff@cronuslaw.com
eah@cronuslaw.com
joel@cronuslaw.com
*Attorneys for Plaintiffs*

Shawn Oller
Peter Prynkiewicz
**LITTLER MENDELSON, PC**
2425 E. Camelback Road, Suite 900
Phoenix, AZ 85016
soller@littler.com
pprynkiewicz@littler.com
*Attorneys for Southwest Airlines, Co.*

By: ___/s/Fritzia Marquez_____
         Fritzia Marquez