**CRONUS LAW, PLLC**

Larry Cohen, AZ Bar No. 010192
Jeff Bouma, AZ Bar No. 011808
Joel Fugate, AZ Bar No. 031739
2601 E Thomas Rd., Ste. 235
Phoenix, AZ 85016
Phone: (480) 467-3188
Fax:    (480) 718-8575
lcohen@cronsuslaw.com
jeff@cronuslaw.com
joel@cronuslaw.com
admin@cronuslaw.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Renee Steinaker and David Steinaker a married couple;<br><br>Plaintiffs,<br><br>vs.<br><br>Southwest Airlines, Co., a Texas Corporation; Terry Graham and Jane Doe Graham; Ryan Russell and Jane Doe Russell; Defendants XYZ; Corporations I-X; Black and White Partnerships I-X; and Does I-X Under Fictitious Names;<br><br>Defendants. | Case No.: 2:19-cv-05022-SPL<br><br>**PLAINTIFFS' FEDERAL RULE OF CIVIL PROCEDURE 15 (d) MOTION TO SUPPLEMENT ITS RESPONSE TO SOUTHWEST AIRLINES' MOTION TO DISMISS AND THE PILOTS' JOINDER**<br><br>(*Assigned to the Honorable Steven P. Logan*) |

Plaintiffs hereby move, pursuant to Federal Rule of Civil Procedure 15(d), as modified per L. R .Civ. P 15.1 (a), that the Court accept and grant this motion allowing Plaintiffs to supplement Court Document #36 - Plaintiffs' Response to the Motion to Dismiss (Case Document #29) filed by Southwest Airlines ("SWA") and the Joinder (Case

-1-

Document #30) filed by the Pilots, Graham and Russell. Specifically, Plaintiffs would ask to supplement the record with SWA's response to a Subpoena Duces Tecum issued in another case concerning this incident: State Court case *Susan Martinez v. Terry Gene Graham, et al., CV2017-093590*. The information and admissions contained in that response are relevant information that was not available to the Plaintiffs at the time their Response to the Motion to Dismiss was filed.

**Legal Standard**

Federal Rule of Civil Procedure 15 (d) (Amended and Supplemental Pleadings) states**:**

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Both Federal Rule 15(d) and Local Rule 15.1 (a) gives this Court broad discretion in determining whether to allow supplemental briefing. (*See* 1963 Comment to rules.[1])  The intent is to give the Court the opportunity to consider information that was not available when the pleadings were originally filed and to thereby avoid unnecessary and wasteful duplicative litigation and filings.

---

[1] Rule 15.1 (a) is intended to give the court broad discretion in allowing a supplemental pleading. However, some cases, opposed by other cases and criticized by the commentators, have taken the rigid and formalistic view that where the original complaint fails to state a claim upon which relief can be granted, leave to serve a supplemental complaint must be denied.

…

Thus, plaintiffs have sometimes been needlessly remitted to the difficulties of commencing a new action even though events occurring after the commencement of the original action have made clear the right to relief.

**Supplementation is Warranted Because the Admissions by SWA Preclude the Court's Granting of the Motion to Dismiss and the Pilots' Joinder**

In the state court action, SWA served responses to a valid subpoena and those responses demonstrate why the Court cannot grant either SWA's Motion to Dismiss or the Pilot's Joinder. SWA's response to a Subpoena Duces Tecum shows SWA's lack of candor, material mischaracterizations and prove that triable issues of material fact exist based upon the Plaintiffs' TAC and responsive pleadings.  As is addressed below, the admissions not only require denial of the Defendants' motions, they would, pursuant to a cross motion for Rule 56 relief by Plaintiffs, require summary judgement be entered in Plaintiffs' favor.

In response to the demand to produce all recordings obtained by SWA from the aircraft (be it designated as Flight 1088 or 1714), SWA confesses that it failed to preserve and no longer possesses this essential information. Renee Steinaker made her complaints known to SWA in time for all of the evidence of her complaint to be preserved. (See Exhibit 1.) This included all inflight recordings, the iPads utilized by the Pilots in the cockpit, the WiFi usage and availability data, and all other recordings including cockpit voice recordings that would have verified the admissions made by the Pilot(s) to Renee Steinaker.

This means that despite the complaints of the flight crew and specific requests for SWA to conduct an investigation into whether criminal activity, violations of Federal Aviation Administration ("FAA") safety regulations and/or SWA policies occurred on the aircraft, SWA willfully failed to investigate or to preserve any of the electronic

CRONUS LAW, PLLC

evidence, such as the conversations that were routinely recorded and retained by the aircraft's cockpit voice recorder.

This is relevant to the Plaintiffs' State law claims against SWA as set forth in Case Document #28- Plaintiffs' Third Amended Complaint ("TAC") regarding Count 2, (Intentional Infliction of Emotional Distress), Count 3, (Invasion of Privacy), Count 4, (Willful Misconduct -Failure to Train, Supervise, Investigate and Discipline), Count 5 (Breach of Covenant and Fair Dealing) and Count 6 (Sex Harassment/Discrimination). SWA had a duty to investigate the Plaintiff and her crew's complaints of sexual voyeurism, sexual discrimination and harassment, as well as the Pilots' admitted criminal conduct under Arizona law, as delineated in the *Ford v. Revlon 153 Ariz 28, (1987)* which specifically held that an employer is *independently* liable for intentional torts such as Intentional infliction of Emotional Distress and Invasion of Privacy under Arizona law when the employer fails to properly investigate the illegal conduct of its employee(s). Despite Defendants' claims, *Ford* is still recognized as applicable, valid case law by the Federal District Courts in Arizona (See *Coffin v. Safeway, Inc.* 235 F. Supp 997, 1003 (D. Ariz. 2004) "Arizona courts have set forth the elements for the tort of IIED relying on the language of the Restatement (Second) of Torts [citing *Ford;* See also *Claxton v. Waters*, 34 Cal.4th 367, 379 (Cal.2004); *Greenfield v. Am. W. Airlines, Inc*., No. C03-05183 MHP, 2004 WL 2600135, (N.D. Cal. Nov. 16, 2004).(The Workers' Compensation Act, as a matter of policy, does not estop a plaintiff from pursuing sexual harassment claims in civil actions.)

CRONUS LAW, PLLC

The admission contained in response to SWA employee Martinez's subpoena that SWA **did not** secure and cannot produce the data from its own aircraft is information the Court must consider in relationship to the Plaintiffs' well plead and specific factual allegations that SWA violated its legally required obligation to investigate the Pilots' misconduct, intentionally and utterly failed to protect the images recorded by the Pilots from being further published and viewed.

Further SWA's responses in Exhibit 1, demonstrate that SWA utterly failed to control its Pilots so as to prevent further harm from their undisputedly intentional acts, despite having the duty, ability and opportunity to do so. As the Restatement of Torts Second §317 provides:

> A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if (a) the servant is upon the premises in possession of the master and (b) the master (i) knows or has reason to know that he has the ability to control his servant, and (ii) knows or should know of the necessity and opportunity for exercising such control.

*Davis v. U.S. Steel Corp.*, 779 F.2d 209, 212 (4th Cir. 1985).

The admissions in Exhibit 1 also bear directly on the nature, cause, and extent of the damages suffered by Renee Steinaker, which flow directly from the statements of the Pilots that they were recording the crew and passengers. The Pilots claimed SWA knew of their activities and approved of them. SWA denies this, and now seeming, admits it is not in control or possession of the actual devices in question.  Further, SWA claims it used a third-party vendor that it retained to download and examine the Pilots' devices. SWA now admits that it does not even have that information in its possession.

These are stunning admissions from a Defendants that had (and still has) a legal duty to investigate these charges from the crew of Flight 1088 and to protect and preserve the evidence it obtained during the investigation. Recorded discussions between Plaintiff Rene Steinaker and the Pilots in the cockpit, as well as subsequent conversations by the Pilots themselves after they had been caught, are the best possible record by which the Court, Parties, and jury can resolve the factual disputes about what was said and done in the cockpit. The same is true with the data on the Pilots' devices (cell phones and iPads) where the recordings were preserved. The failure to preserve that evidence must be viewed in the light most favorable to upholding Plaintiffs' right to proceed with discovery and demonstrates why the claims plead by Plaintiffs cannot be dismissed at this stage in the proceedings. However, that destruction can be proven to establish Plaintiffs' claims. Plaintiffs and the Court can employ the "evidentiary inference that evidence which one party has destroyed or rendered unavailable was unfavorable to that party." *Cedars–Sinai Med. Ctr. v. Superior Court* (Bowyer), 18 Cal.4th 1, 74 Cal.Rptr.2d 248, 954 P.2d 511, 517 (1998); see also *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958, 960–61 (9th Cir.2006) (affirming dismissal against party for bad faith destruction of relevant evidence.) Ariz. R. Civ. P. 37(d) ("A party's or attorney's knowing failure to timely disclose damaging or unfavorable information shall be grounds for imposition of serious sanctions in the court's discretion up to and including dismissal of the claim or defense.").  Plaintiffs have every right to move to dismiss SWA's and Pilots' Answer and defenses based upon their intentional destruction and/or alteration of the iPad recordings.  *Lips v. Scottsdale Healthcare Corp.*, 224 Ariz. 266, 267–68, 229 P.3d 1008, 1009–10 (2010).

Plaintiffs' recognize that their Proposed Amended Response, if allowed, adds approximately 2 to 2 ½ pages to the length of its Response to the Motion to Dismiss filed by SWA and the Pilots' Joinder. That exceeds the length stipulated to by the parties (Case Document #35) and accepted by the Court (Case Document #37) by the same amount. Plaintiffs are aware of the page limitations and have done their best to limit the supplementary evidence and their arguments as to why the new evidence supports denial of the Motions to a minimum. Plaintiffs' therefore also respectfully request the Court, should it grant this motion, to allow the Supplemental Response to exceed the limits set forth in Case Documents #35 and #37 by that same margin.

Wherefore, Plaintiffs respectfully request the Court permit them to supplement the Record by supplementing their response to SWA and the Pilots' Motions to Dismiss and Joinder with Defendant SWA's Response to *Martinez*'s subpoena as Exhibit "D" and relevant, limited supplement argument and authority, Per Local Rule 15.1(a) Plaintiffs' proposed Supplemental Response is attached hereto as Exhibit 2.

RESPECTUFLLY submitted this 27th day of February, 2020.

**CRONUS LAW, PLLC**

By: /s/Jeff Bouma

Jeff Bouma
Larry Cohen
2601 E Thomas Rd., Ste. 235
Phoenix, AZ 85016
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of February, 2020, I electronically transmitted the foregoing with the Clerk of the Court using the CM/ECF system for filing, and copies were mailed to all counsel of record at the following addresses:

Ronald L.M Goldman
Diane Marger Moore
**BAUM HEDLUND ARISTEI GOLDMAN**
10940 Wilshire Blvd. 17th Floor
Los Angeles, California 90024
rgoldman@baumhedlundlaw.com
dmargermoore@baumhedlundlaw.com
*Attorneys for Plaintiffs*

R. Shawn Oller
Peter Prynkiewicz
**LITTLER MENDELSON, P.C.**
Camelback Esplanade
2425 E Camelback., Ste. 900
Phoenix, AZ 85016
soller@littler.com
pprynkiewicz@littler.com
*Attorneys for Defendants Southwest Airlines, Co.*

Dominique Barrett
Lori Metcalf
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
2390 E Camelback Rd., Ste. 440
Phoenix, AZ 85016
dominique.barrett@qpwblaw.com
lori.metcalf@qpwblaw.com
*Attorneys for Defendants Terry Graham and Ryan Russell*

By: /s/ Christine Miller